*facias* may by law be issued, it shall be served and returned in the same manner as is provided in the case of a summons in a personal action," &c.; but

THE COURT said that the intention of the legislature must be supposed to have been to direct the method of serving a *scire facias*, when service can be made; and not to alter the return in cases where the writ cannot be executed, nor to interfere with the convenient practice of considering two *nihils* as equivalent to service. The practice of the Court in these cases, is really a dispensation of service; and the reason of it is that the plaintiff having a debt of record in the very Court apparently unsatisfied, which must be executed by the process of the Court within the county, it would be unreasonable to require him to pursue process further, for the purpose of bringing the defendant in; for without such dispensation, it may happen that the plaintiff will be delayed inconveniently, if not indefinitely. The reason is applicable to the case of a *scire facias* upon a mortgage—which can be brought only in the county in which the land lies; and it would amount to a denial of justice in some cases, to hold that service of the writ must be made upon the defendant personally, or at his place of residence, as in the case of a summons.

Judgment for the plaintiff.

---

[PHILADELPHIA, DECEMBER 15th, 1836.]

## MORGAN *against* WATSON.

The act of 27th February, 1798, authorising the Supreme Court, and the several Courts of Common Pleas, to compel the production of books and writings in the possession of either party, on the trial of a cause, does not apply to an action of slander.

IN this case, which was an action to recover damages for a libel— Mr. *Meredith*, for the plaintiff, moved the Court for an order on the defendant, to produce on the trial, certain letters, in which the libellous words were alleged to be contained, and which were averred to have come again into the possession of the defendant. He referred to the act of the 27th of February, 1798, but admitted that he had no authorities to produce in support of the motion.

(Morgan v. Watson.)

Mr. *C. J. Ingersoll*, for the defendant, having cited *Harris* v. *Lewis*, (1st *Wharton's Digest*, page 631, § 250)—

THE COURT declined hearing any further argument against the motion; saying that the act of 1798, was obviously inapplicable to an action founded upon a tort.

Order denied.

———— ✦ ————

[PHILADELPHIA, DECEMBER 31st, 1836.]

## THOMAS *against* FOLWELL and Another.

#### CASE STATED.

> It is the settled law of Pennsylvania, that a married women is to be deemed to possess no power in respect to her separate estate, but what is positively given, or reserved to her, by the instrument creating such estate.
> Where by a deed made after marriage, real estate was conveyed in trust for the separate use of A., the wife of the grantor; the trustee to receive the rents and profits, and pay the same over to A. or to such person, and in such manner as she should appoint; it was *held*, that she had no power to *devise* the estate by an instrument in nature of a will.

An action was brought in this Court to December term, 1835, by Agnes Thomas, guardian of the person and estate of Mary Ann Allen, against William Folwell, jun., and Samuel N. Davis, executors of the will of Richard F. Allen, deceased; and a case was stated for the opinion of the Court as follows:

"Richard F. Allen, and Susan J. Allen, his wife, executed to Anthony J. Thomas, on the fourth day of December, 1829, a deed of trust as follows: 'This Indenture made the first day of June, 1829, between Richard F. Allen, of the city of Philadelphia, merchant, and Susan J. Allen, his wife, of the first part, and Anthony J. Thomas, of Germantown township, Philadelphia county, miller, of the second part, witnesseth, that for and in consideration of the sum of nine thousand five hundred dollars, unto them at or before the sealing and delivery hereof, by the said Anthony paid, the receipt whereof is hereby acknowledged, the said Richard F. Allen and Susan his wife, have granted, bargained and sold, aliened, enfeoffed, released and confirmed, and by these presents do grant, bargain,

Wharton.
2wh 11
131 486
Wharton.
2wh 11
144 454
2wh 11
168 177
Whart.
2wh 11
198 341
2wh 11
201 394