## Cottrell *versus* Warren.

A party having been required to produce his account books, replied that he had no books, having done a small cash business, keeping no regular record of transactions in the store, but merely making memorandums from day to day upon a slate, or with a lead pencil in pocket pass-books. *Held*, that the Court were right in refusing to direct a nonsuit under the Act of 27th February, 1798, though a witness had previously testified that the goods purchased *were charged* to the firm, and were forwarded as *per written instructions* from one of the partners against whom the suit was brought, but who was not served with the process.

ERROR to the Common Pleas of *Mifflin county*.

This was an appeal to August term, 1843, by Cottrell, from the judgment of a justice of the peace in a suit by Andrew Warren, jr., v. Cottrell & Fenn, on a promissory note.

In October, 1846, on application on behalf of Cottrell on his affidavit being filed, it was ordered by the Court that the plaintiff produce his book of entries, and the order on which it was alleged that the goods were obtained. The deposition of A. Bryant was taken on 30th September, 1847, and he stated that from 1838 to 1842, he was in the employ of Andrew Warren (the plaintiff), in the city of New York, and that he sold to Cottrell & Fenn a lot of New Orleans sugar, in amount $100, or thereabouts; that said sugar was bought by F. J. Fenn, one of the partners in the

[Cottrell *v.* Warren.]

firm, *and that it was charged to said firm,* and by him marked with their address, and forwarded to them as per written instructions from said Fenn; and that subsequently said Fenn settled the account for said sugar, by giving Cottrell & Fenn's note for the same.

In December, 1849, the plaintiff made affidavit to the effect that he sold to the defendant a lot of sugar in the city of New York. He said he thought it was in 1842; think it was in the spring, but cannot swear positively, as he has no books to refer to, having done a small business and for cash only, keeping no regular record of transactions in the store, but merely making memorandums from day to day upon a slate, or with a lead pencil in pocket pass-books.

On the part of Cottrell judgment of nonsuit was asked on account of the non-production of the books and order. The Court overruled the motion, and directed the case to be proceeded in. Verdict rendered for plaintiff for $123.50½.

The material assignment of error was, that the Court erred in not entering judgment of nonsuit.

The 1st section of the Act of 27th February, 1798, gives to the Supreme Court and Courts of Common Pleas power in an action pending before them, to require either of the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue: and if either party fail to comply with the order and produce such books or writing, or to satisfy said Courts why it is not in his power to do so, it shall be lawful for the Court, if the party be the plaintiff, to direct a judgment for the defendant as in cases of nonsuit; and if defendant, to give judgment against him by default, as far as relates to such parts of the demand or defence to which the books or papers of the party are alleged to apply.

*E. L. Benedict,* for plaintiff in error.—The clerk said the sugar was charged; there must therefore have been a book. There was a written order, and the defendant has a right to its production.

*R. C. Hale,* in reply.

The opinion of the Court was delivered, June 24, by

Lowrie, J.—The Act of 1798 was intended to supply the want of a bill of discovery, so far as relates to the production of papers that are pertinent to the issue to be tried, and it ought to be enforced freely and decidedly in its true spirit, in those courts especially which do not possess the remedy by bill of discovery. But the latter is, in some respects, a much better remedy; for, by means of it, an opponent may be called upon, not only to produce all books and papers, but to admit all facts material to the issue,

[Cottrell *v.* Warren.]

unless they relate exclusively to the respondent's own side of the case, or tend to expose him to some penalty. In such case the mere fact of the materiality of the evidence is sufficient to justify the demand of a full discovery. We allude to this part of the Chancery practice, because it throws much light on the remedy intended by the Act of 1798.

It is not necessary in the present case, to decide whether or not a writ of error lies for the matter complained of here; for we have examined the alleged error, and find that the decision of the Court below was right according to the principles that govern in cases of discovery. The party, when called upon to produce his books of entry, answers distinctly and positively that he has none. This assertion is not at all impaired, when he adds, as a reason, that he did but a small and cash business, and therefore kept none, as he merely made memorandums from day to day on a slate or with a pencil in pocket pass-books. The fact remains positively asserted, though the reason may not be satisfactory.

Judgment affirmed.