## Pension Mutual Life Insurance Company, Appellant, v. Whiteley et al. (No. 2).

*Equity—Equity practice—Bill for discovery—Insufficiency—De-murrer.*

A bill in equity for a discovery in aid of an action at law is properly dismissed on demurrer where it appears that a statement of claim had already been filed and all the information necessary secured before the filing of the bill; and that the only discovery that plaintiff really sought was knowledge of the character of the defense; and that plaintiff asked to have certain questions answered and information given by a person who was not named as a defendant in the bill.

Argued March 19, 1918. Appeal, No. 228, Jan. T., 1917, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 1057, dismissing bill in equity for discovery in aid of an action at law, in case of Pension Mutual Life Insurance Company v. Seth H. Whiteley and The Police Beneficiary Association, Inc. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for discovery in aid of an action at law.

The facts appear in Pension Mutual Life Insurance Company v. Whiteley et al. (No. 1), 261 Pa. 304, and in the following opinion by BREGY, P. J., in sustaining demurrer to the bill:

The bill in equity in this matter is subject to the same criticism which has just been made in relation to the statement of claim filed in the suit at law for the same cause of action. Very little need be added to what is therein said. There are, however, the following additional objections or complaints to the bill which, in our opinion, justify the sustaining of the demurrer to it:

In the argument it is claimed this is a bill of discovery in aid of the suit at law. The suit at law apparently did not need any discovery because the statement of

claim had been filed and all the information necessary to do so seems to have been within the knowledge of the plaintiff. The only discovery that he could seek would be to know what the defense is.

Another objection is that he seeks to have certain questions answered and information given by two persons naming them, who are not defendants in the bill at all. If the officers of the Police Beneficiary Association misused the funds that were received from the plaintiff company, such officers are responsible to the Police Beneficiary Association, and can be sued by them, but exactly what business that is of the plaintiff's we fail to see.

They claim to have issued a policy in pursuance of an application which was entirely true and faultless as far as any allegation in the bill is concerned, the premiums were paid and the plaintiff company as deaths occurred paid certain money over. There their responsibility ended. If their own agent cheated them they can sue him, but to join him with the Police Beneficiary Association, as to which it has not alleged any wrong to have been done, is a joinder that the law does not allow.

Briefly stated, these are the reasons for our sustaining the demurrer.

The defendant demurred to the bill.

The court sustained the demurrer and dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Joseph W. Shannon,* for appellant.

*Owen J. Roberts,* with him *Joseph S. Conwell,* for Seth H. Whiteley, appellee.

*Frederick A. Sobernheimer,* for Police Beneficiary Association, appellee.

PER CURIAM, May 6, 1918:

This appeal is dismissed, at the costs of the appellant, on the opinion of the learned president judge of the court below sustaining the demurrer to plaintiff's bill.

---

## McCauley *v.* Imperial Woolen Company et al., Appellant.

*Workmen's compensation law—Jurisdiction—Practice—Referee —Board—Common Pleas—Appellate courts—Evidence—Hearsay— Circumstantial evidence—Sufficiency and competency—Presumption—Wool sorter—Scratch—Anthrax—Death—"Accident" — Occupational diseases—Assumption of risks—Appeals—Certiorari— Record—Act of June 2, 1915, P. L. 736.*

1. A compensation referee is an officer of the Workmen's Compensation Board, vested with defined duties and powers, and all records made by him belong to the files of that body, and, on appeal, are before it for review, within the limitations of the Workmen's Compensation Act of June 2, 1915, P. L. 736.

2. The Workmen's Compensation Act of 1915 contemplates and requires that, if, after inspection and consideration of the adjudication and evidence, the board does not sustain the referee's final decision, before the former may reverse on a question of fact, it must grant a hearing de novo, make investigation, and substitute its own findings of fact, and conclusions thereon, for such findings of the referee as are not adopted; but, when an appeal is based on an alleged error of law, the board must act solely upon the record of the referee, and must either sustain, reverse or modify the latter's final order.

3. Appeals to the board are taken under either Section 420 or Section 421 of the Workmen's Compensation Act, the first amounting to a writ of error and the second to a motion for a new trial, the new trial to be had before the board instead of the referee.

4. A finding of fact without any evidence at all is an error of law.

5. Where the ultimate finding of a referee is cast in the form of a mixed conclusion of fact and law, and the classification of an appeal is not made plain by the appellant, the board must exercise its discretion in determining the nature thereof.

6. Where the attack upon the finding of a referee is upon the ground that the testimony was insufficient in fact to justify the