McKessen et al., Appellants, *v.* Doyle et al.

Argued October 5, 1933. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles P. Hewes,* for appellants.

*Frank B. Quinn,* of *English, Quinn, Leemhuis & Tayntor,* with him *S. Y. Rossiter,* for appellees.

PER CURIAM, November 27, 1933:

Appellants, who were plaintiffs in the court below, ask us to reverse its decree dismissing their bill in equity, which sought an accounting of the sixteen years' business of a partnership and of a corporation into which the partnership was merged, during which time plaintiffs made no attempt to enforce their supposed rights

and did nothing whatever in respect of that business. This, of course, we will not do, especially as plaintiffs did not proceed until after the death of the person most interested in the partnership and corporation, and best acquainted with the relation of plaintiffs to that business, if any there were: Kinter v. Commonwealth Trust Co., 274 Pa. 436; Patton v. Commonwealth Trust Co., 276 Pa. 95; Riley v. Boynton Coal Co., 305 Pa. 364.

It is true that plaintiffs, in an attempt to excuse their gross laches, make a few general, argumentative and wholly insufficient averments, such as that "it was the understanding, purpose and intention of all of said incorporators to recognize and concede the right and ownership of your orators [there being no averment of an agreement so to do, or that it was in fact done]...... inasmuch as they have maintained and contributed to the support of the said Cora McKessen [one of plaintiffs] and have made small payments to the said Anna E. Whitby," the other plaintiff, there being no averment that these payments were made out of the profits or assets of the business, or were made in lieu of plaintiffs' alleged interest therein. Indeed, it would appear from the "inasmuch," that the averred "understanding, purpose and intention" is based solely on the payments alleged to have been made to plaintiffs. The other similar averments in the bill need not be considered; they are of like character and even more general than those above quoted.

Leave to amend the bill was properly refused; appellants admit in their brief that the proposed amendments would not affect the question of laches.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.