Keaggy, Appellant, *v.* Lightcap.

Argued October 2, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* for appellant.

*Charles C. Crowell,* with him *Howard H. Whitehead* and *Dan. V. Crowell,* for appellee.

PER CURIAM, November 25, 1935:
Plaintiff's bill in equity, charging a scheme to defraud, seeks (1) a discovery of books and records relating to certain transactions in which defendant acted as agent for plaintiff, (2) an accounting, (3) a reconveyance of properties which plaintiff alleges were fraudulently ac-

quired by defendant, (4) nullification of a written instrument purporting to be a contract and lease, claimed by plaintiff to be a forgery or to have been procured by fraud, (5) a preliminary injunction against further prosecution of an action at law begun by defendant for the recovery of back wages, and a determination by the chancellor of the issues raised in the suit at law. An answer was filed in due course, and the chancellor, upon hearing plaintiff's evidence, was of the opinion that the case stated in the bill had not been sustained, and accordingly dismissed the bill under Equity Rule 66. Plaintiff's exceptions to the dismissal of the bill were in turn dismissed by the court in banc, and from the latter action the present appeal was taken.

A careful examination of the record has satisfied us that the decree must be affirmed. The principal question is that presented by plaintiff's prayer for a discovery and an accounting, upon which plaintiff's other prayers for relief depend. The transactions with regard to which plaintiff seeks a discovery and an accounting cover a period of approximately 25 years. Defendant was employed by plaintiff about 1908 to manage certain real estate belonging to plaintiff in Greensburg, collect rents and pay expenses in connection with the property, and negotiate sales of portions of it. He continued to act as plaintiff's agent until 1933, and rendered monthly reports of his management, in addition to having numerous personal conferences with him. Plaintiff, who is a practicing physician and who has been president and a director of a bank in Pittsburgh, admits in his testimony that he regularly examined defendant's monthly reports but made no demand for an accounting until 1933. Although he is now seeking a discovery of all of defendant's books and records, plaintiff himself is able to produce only a few of the reports which defendant sent him, many of them having been lost or mislaid. During defendant's employment numerous deeds were sent by him to plaintiff for the latter's approval and execution.

Plaintiff testified that it was his custom to execute these deeds without reading them or being aware of their contents, and without knowing what property was being conveyed or what consideration paid. In this connection it may be noted that the record discloses no over-reaching on defendant's part or attempt of any sort to persuade plaintiff to execute the deeds, many of which were apparently mailed to plaintiff in Pittsburgh and executed there.

It thus appears that plaintiff, who may reasonably be supposed to have had sufficient business experience to understand the matters laid before him, is asking a court of equity to examine into transactions extending back 25 years, and to rectify the results of his own carelessness. Clearly, he is chargeable with a complete want of the due diligence and vigilance in protecting his rights that a court of chancery requires before intervening in his behalf: see Kinter v. Com. Trust Co., 274 Pa. 436; Riley v. Boynton Coal Co., 305 Pa. 364; McKessen v. Doyle, 312 Pa. 591; Warnick v. Conroy, 318 Pa. 232. A mere assertion of ignorance is not sufficient (see Kinter v. Com. Trust Co., supra, page 442) ; in order to appeal to the chancellor's conscience, a plaintiff must show specifically "how he came to be so long ignorant of his rights, and the means used by the respondent to fraudulently keep him in ignorance": see Riley v. Boynton Coal Co., supra, pages 370-371. Plaintiff has failed utterly to show fraudulent concealment on defendant's part or to supply reasonable justification for his lack of diligence in inquiring into defendant's stewardship. Indeed, plaintiff's evidence on the whole was quite insufficient to show the scheme to defraud with which he charges defendant, and for that reason the bill might well be dismissed on the merits of its allegations. To grant plaintiff's prayer for a discovery and an accounting would be simply to permit him to indulge in a "fishing expedition." But in any case his want of diligence has been such that he is

clearly not entitled to the aid of a court of equity. The dismissal of the bill was therefore proper.

Decree affirmed at appellant's cost.