## Keath v. Heckel

*James N. Lightner*, for plaintiff.

*Windolph & Mueller*, for defendant.

ATLEE, P. J., July 17, 1936.—Even if plaintiff had a right to the remedy sought in this bill in equity, as plaintiff has been guilty of laches in pressing his right he has lost all claim to assistance from this court. Edwin Keath, plaintiff, testified that he bought his property sometime in January 1922, got a deed to it in March 1922, then put a garage in the rear and remodeled the whole house. He took possession on February 1, 1922. At that time John Heckel, Sr., defendant in this proceeding, was living in the property adjoining on the north. Heckel then started to build his garage. Keath knew of Heckel's building of the garage, and contends that he, Keath, complained about it, but did nothing by way of litigation until July 16, 1934, when he filed the present bill in equity.

This delay makes Edwin Keath, plaintiff, guilty of laches, because, in the judgment of this court, plaintiff here should have acted at once upon discovering, as he now alleges, that the south wall of defendant's building was upon plaintiff's land to the extent of 9 inches.

" 'The question of laches does not depend, as does the statute of limitations, upon the fact that a certain definite time has elapsed since the cause of action accrued, but whether, under the circumstances of the particular case, plaintiff is chargeable with want of due diligence in failing to institute or prosecute his proceeding: Townsend v. Vanderwerker, 160 U. S. 171: Kinter v. Commonwealth Trust Co., supra, 443. See also McGrann v. Allen et al., supra, 580. Plaintiff did not act with reasonable diligence, and he has not attempted to show facts such as might excuse his laches": Bangert v. Provident Trust Co., Exec., et al., 314 Pa. 442, 446.

"It thus appears that plaintiff, who may reasonably be supposed to have had sufficient business experience to

understand the matters laid before him, is asking a court of equity to examine into transactions extending back 25 years, and to rectify the results of his own carelessness. Clearly, he is chargeable with a complete want of the due diligence and vigilance in protecting his rights that a court of chancery requires before intervening in his behalf: see Kinter v. Com. Trust Co., 274 Pa. 436; Riley v. Boynton Coal Co., 305 Pa. 364; McKessen v. Doyle, 312 Pa. 591; Warnick v. Conroy, 318 Pa. 232": Keaggy v. Lightcap, 320 Pa. 8, 10.

Even if plaintiff's right to the 9 inches of land taken by defendant was clear, plaintiff nevertheless was bound to take proper action to assert his right to the 9 inches of land. This the plaintiff did not do. The court having concluded that plaintiff in this action is guilty of laches, it is not necessary to pass upon the evidence offered to show where was the line between the properties. This is not a case where plaintiff did not know of the erection of the building by defendant, for plaintiff testified that he was living in his property all of the time that defendant was erecting the building. Nor is this a case where plaintiff was put to sleep upon his rights by fraud on the part of defendant, or by failure on the part of defendant to disclose to plaintiff information which defendant was bound to give him. Plaintiff slept upon his rights, and mere oral protest to the adjoining owner, or mere oral discussion with him, was not sufficient to prevent plaintiff from being guilty of laches. . . .

### Decree nisi

And now, July 17, 1936, it is ordered, adjudged, and decreed as follows:

1. That the bill of complaint filed by plaintiff in this case be dismissed.

2. That the costs of this bill be paid by plaintiff.