## Yorkshire Worsted Mills *v.* National Transit Company, Appellant.

Argued January 12, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*James L. Rankin,* of *Geary & Rankin,* and *Breene & Jobson,* for appellant.

*D. Malcolm Hodge,* of *Hannum, Hunter, Hannum & Hodge,* and *Donald H. Hamilton,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 22, 1937:

Appellee brought this action to recover damages resulting from oil escaping from appellant's pipe line which entered appellee's dyeing plant, causing injury to the machinery and to cloth in the process of dyeing. Both sides asked for permission to inspect the other's plant and system which was granted. Each side filed a bill for discovery with interrogatories. Appellee's interrogatories were designed to elicit information concerning the operation of the line, the age of the pipe, and the amount of oil that escaped. Its prayer was granted. Appellant then requested answers to 27 interrogatories of its own. The court below sustained preliminary objections filed by appellee to all of these but two which related to appellee's conduct after discovering the presence of oil in its plant and machinery. Appellant here complains of this action.

A bill of discovery in aid of an action at law is an equitable remedy to enable a litigant to obtain, prior to trial, such information as is in exclusive possession of the adverse party and is necessary to the establishment of the complainant's case. Jurisdiction in discovery was given to the Court of Common Pleas of Philadelphia County by the Acts of June 16, 1836, P. L. 784, and April 10, 1848, P. L. 448, and was conferred generally

upon the courts of common pleas throughout the State by the Act of February 14, 1857, P. L. 39. It is available in actions of trespass and may be invoked by either plaintiff or defendant. See *Bains v. Goldey,* 35 Pa. 51; *Compton, Tr., v. International Harvester Co.,* 297 Pa. 462; *Nashville, C. & St. L. Ry. Co. v. Jenkins & Son (No. 4),* 296 S. W. 1; Kerr, Discovery (1870), p. 7; Pomeroy, Equity Jurisprudence (4th ed., 1918), section 191; *Swarthmore College v. Springfield Consolidated Water Co.,* 16 Del. County Rep. 427. In the early period of the Commonwealth's legal history it provided the only means whereby such information could be obtained, because at law a party could not obtain the production of books, records and documents which were in his opponent's custody. This function of equity has not been usurped by the reforms in law practice under the Act of February 27, 1798, 3 Smith Laws 303, which permits the use of the subpœna duces tecum for the production of records and documents at trial: *Lesser v. Henry,* 50 Pa. Superior Ct. 440. While the law courts are now able to assist litigants to a far greater extent in this regard, the jurisdiction of equity over bills of discovery in aid of actions at law has not for that reason been lost, although its aid is less frequently invoked: *Compton v. International Harvester Co.,* supra; *Dock v. Dock,* 180 Pa. 14; *Lesser v. Henry,* supra. And see *Carpenter v. Winn,* 221 U. S. 533; Pomeroy, op. cit., supra, section 193. The legal remedy is not complete, for the circumstances in which a litigant can obtain the production of books or records prior to trial are few at law. See *Raub v. Van Horn,* 133 Pa. 573; *Compton, Tr., v. International Harvester Co.,* supra, at pp. 467-8. Without equitable relief, parties would frequently be unable to prepare pleadings and avoid surprise at the trial of their case. In *Lesser v. Henry,* supra, the court said:

"If the plaintiff, in a case like the present cannot, by this proceeding, have discovery of the facts which he alleges make out his claim, and could only first obtain

such knowledge at the trial, he would probably be driven to an amendment of his pleadings, and the trial of his cause would thus be attended with that useless expense and delay so naturally irritating to litigants in our courts."

Although equity has plenary jurisdiction to afford the relief which appellant seeks, there is a fundamental limitation upon the character of information which may be so obtained. The purpose of the discovery is to enable the party seeking it to make out his cause of action or his defense, not to pry into the case of his opponent and to anticipate it: *Pension Mutual Life Ins. Co. v. Whiteley (No. 2),* 261 Pa. 310; *Kinney v. Rice,* 238 Fed. 444; *Carpenter v. Winn,* supra; *Ingilby v. Shafto,* 33 Beav. 31; Pomeroy, op. cit., supra, section 201; 3 Story's Equity Jurisprudence (14th ed.), section 1945; *Swarthmore College v. Springfield Consolidated Water Co.,* supra. The matters about which inquiry is made must bear pertinently upon the matters which he will be required to prove affirmatively at trial: Kerr, op. cit., supra, p. 18; *Carpenter v. Winn,* supra; *Ingilby v. Shafto,* supra.

The first and eighth interrogatories of the present bill relate to matters which appellant could easily have ascertained by making the inspection of appellee's mill, for which leave had been granted, and have no relation to its case. Other interrogatories bear upon appellee's damages, which the latter must prove. Appellant has no burden of proof as to these.

It is more improper for appellant to inquire the names of the persons who are likely to be called as witnesses by appellee to establish these damages. A litigant has no right by a bill of discovery to attempt to ferret out the manner in which, and by whom, the case of his adversary will be proved: *Sherwood Bros., Inc., v. Yellow Cab Co.,* 283 Pa. 488; *Kinney v. Rice,* supra; *Knapp v. Harvey,* [1911] 2 K. B. 725. The interrogatories must appear to have a material connection with appellant's

case and cannot be used to enable it to cast about for possible defenses or to fish for helpful information: *Compton v. International Harvester Co.,* supra; *Keaggy v. Lightcap,* 320 Pa. 8, 10; *General Film Co. v. Sampliner,* 232 Fed. 95; Story, loc. cit., supra.

The decree of the court below is affirmed.