## Thorne et ux. v. Schneider

*John E. Cupp,* for plaintiffs.

*Humes & Baird* and *Michael J. Maggio,* for defendant.

RHONE, J., September 20, 1938.—This is a rule to show cause why plaintiffs should not produce in advance of trial a written statement alleged to have been made by defendant while she was in the hospital recovering from an accident out of which this suit arises. The authority asserted to warrant the proceeding is the Act of February 27, 1798, 3 Sm. L. 303.

By consulting the petition for the rule it appears that the only reason assigned in support of her petition is, "that she made a written statement while in the hospital

concerning the happening of the accident upon which this action is based".

Plaintiffs have answered admitting that they have a written statement signed by defendant, denying that it contains evidence pertinent to the issue, and further averring that defendant is a competent and qualified witness and may testify in a law suit, notwithstanding the written statement, freely. The answer further challenges the jurisdiction of the court to make the order prayed for.

Defendant in the brief filed based her entire case upon the decision made by Judge Valentine in Marsh v. Mertz, 32 D. & C. 117. In that case where the facts are almost identical with the case at bar, Judge Valentine, citing the Act of 1798, supra, Raub v. Van Horn, 133 Pa. 573, and Peoples Trust Co. v. Pennsylvania Lodge, etc., 25 Dist. R. 774, made an order requiring respondent in that case to produce the written statement in question for inspection by plaintiff and his counsel.

After carefully reading Judge Valentine's opinion, and upon examining the authorities cited in the briefs filed in this case, and by independent research made by the court, we are unable to agree with the conclusion arrived at in that opinion or to follow the ruling in that case, and will proceed to state briefly our reasons therefor.

Among the earliest citations found in the reports wherein this question was construed by the court, is Morgan v. Watson, 2 Whart. 10. In that case application was made to the court for an order requiring respondent to produce at the trial certain letters in which the libelous words involved in that litigation were alleged to be contained, and which were averred to have come again into possession of defendant. The court declined to hear further argument in the matter, saying:

". . . the act of 1798, was obviously inapplicable to an action founded upon a tort."

Again in Happersett v. Eaton, 20 Dist. R. 501, the court cites the Morgan case, Moelling, Admr., v. The Le-

high Coal and Navigation Co., 9 Phila. 223, and Cottrell v. Warren, 18 Pa. 487, to sustain its conclusion (p. 502):

"This statute is not applicable to actions of tort involving penalties or forfeitures".

However, we do not base this decision solely upon the ground that the act in question forbids its use in such cases, because there are other grounds, we think, to sustain our decision in this case.

For instance, Judge Kun in Calloway v. Clucas et al., 16 D. & C. 453, in construing this act as limiting the court in any case to an order requiring merely the production of books and papers at the trial, says:

". . . there are important exceptions recognized, such as where (1) one party relies upon an instrument in the custody of another which is necessary to his case, and in which he has an interest entitling him to inspection; or (2) to enable the plaintiff to declare in an action founded on an agreement to which both plaintiff and defendant are parties; or (3) a relation of agency exists between the parties which gives both an interest in the accounts, etc. . . . where the relationship goes beyond mere agency and is in the nature of a trust".

Our construction is that whether or not this Act of 1798 is sufficiently broad to warrant the court to make an order in any case requiring a party to produce books and papers for inspection before trial, the facts in the instant case do not warrant the court in making such an order.

We must take into consideration the language of the Act of 1798, supra:

"That the Supreme Court and several Courts of Common Pleas . . . shall have power, in any action depending before them, on motion, and *upon good and sufficient cause shown* . . . to require the parties . . . to produce books or writings in their possession or power which contain evidence pertinent to the issue". (Italics supplied.)

The sole ground set up in the petition for the rule granted in this case is the mere bald statement that de-

fendant, while in the hospital, made a written statement to some one, the identity is not disclosed, concerning the happening of the accident upon which this action is based, and that plaintiffs in this case have possession of this statement. We think that this act comprehends something more than such an abstract statement before the court would be warranted in making an order requiring the production of the paper for inspection before trial. We can only conclude that the purpose to be served in this case is to enable defendant in the action to refresh her recollection concerning the statement she made before trial relating to the facts and circumstances which occasioned her injury. We do not believe that the Act of 1798 was intended to serve any such purpose. This defendant can testify at the trial as to any matter or thing competent and relevant, notwithstanding this statement. It may be that she considers it more desirable that she have an opportunity to read the statement already made before she again testifies, but we do not believe that courts will lend their aid to any such purpose.

In many of the cases decided by the courts where this act was construed, it appears that the weight of authority is to the effect that where information is desired before trial, a bill of discovery is the proper remedy, whereas, if papers are required and necessary at the trial of the case, the provisions of the Act of 1798 may be invoked for that purpose, and penalties are prescribed in the act itself for failure to produce such necessary papers at the trial of the case after order made.

On the other hand, cases have been decided wherein the courts have held that for special reasons they may be produced before trial as where they belong to both parties to the suit: Raub v. Van Horn, supra. We do not consider that this applicant has any real interest or any right of ownership in the written statement that she made to someone while she was in the hospital relating to the facts and circumstances of her injuries, or the accident which caused them. We do not think that she has any

more right to an order to produce this paper in advance of the trial than she would have to an order requiring the person to whom she made the statement, if it had been an oral statement, to appear for examination before trial to ascertain what his recollection is as to what she had said.

The late Judge Newcomb stated in Morris v. Samter, 30 Dist. R. 812, 22 Lack. Jur. 101, that this statute is applicable only for the purpose of compelling the production of writings upon the trial at the peril of an adverse judgment for failure to produce when so required.

Pertinent to this whole question is the language of the Supreme Court in Yorkshire Worsted Mills v. National Transit Co., 325 Pa. 427, wherein this language appears at page 430:

"The purpose of the discovery is to enable the party seeking it to make out his cause of action or his defense, not to pry into the case of his opponent and to anticipate it. . . .

"It is more improper for appellant to inquire the names of the persons who are likely to be called as witnesses by appellee to establish . . . damages. A litigant has no right by a bill of discovery to attempt to ferret out the manner in which, and by whom, the case of his adversary will be proved. . . . The interrogatories [in the bill of discovery] must appear to have a material connection with appellant's case and cannot be used to enable it to cast about for possible defenses or to fish for helpful information".

We think the same rule applies in the construction and administration of the provisions of the Act of 1798, and that defendant in this case is not entitled to the order prayed for.

### Order

Now, September 20, 1938, rule heretofore granted requiring plaintiffs in this case to show cause why the written statement alleged to have been made by defendant,

Geraldine B. Schneider, while in the hospital, should not be produced in advance of trial for inspection by defendant, or her counsel, is discharged at the cost of petitioner.

LARRABEE, P. J., concurs in the above opinion.