## The Barrett Co. v. Tank Car Corp. of America et al.

*Duane, Morris & Heckscher,* for plaintiffs.

*E. C. Pfeiffer* and *W. A. Gray,* for defendant Tank Car Corporation.

*H. E. Gerhart* and *Spangler & Lorentz,* for defendant H. Eugene Gerhart.

*Charles Wolfe* and *J. Howard Reber,* for defendant trustee in bankruptcy.

ALESSANDRONI, J., May 20, 1941.—Two bills of complaint were filed by the Barrett Company praying inter alia for discovery and an accounting. The bills alleged the same type of fraudulent conduct practiced upon the Barrett Company by defendants, and upon petition by complainant they were consolidated for the purposes of trial.

The substance of the complaint was an allegation that defendant H. Eugene Gerhart, while employed by the Barrett Company in a position of trust and confidence, entered into a conspiracy with defendants who were engaged in the business of servicing tank cars to place with them substantially all the business of the Barrett Company at exorbitant prices. Moreover, it

is averred that the work performed by defendants for the Barrett Company was defective but was approved by Gerhart. In consideration for this, Gerhart received a commission on all orders obtained by defendants. This illegal practice extended over a period of approximately seventeen years and covered a large series of transactions. Complainant, therefore, prayed for discovery and an accounting of the unconscionable profits.

On January 19, 1940, before the transfer of these cases to this court, President Judge Oliver entered a decree permitting complainant to examine all the records of defendant Tank Car Corporation of America. This decree was vacated on March 15, 1940, on the ground that it was entered prematurely, without prejudice to apply for a similar decree:

"As and when, in the course of the final hearing herein, the entry of such decree may appear to be necessary and proper." An exception was filed to the vacation of the decree by the complainant.

Thereafter this court permitted complainant to take the depositions of officers of certain banks wherein defendants had checking accounts which disclosed various payments made by H. M. Hahl, the principal stockholder of the Tank Car Corporation, to defendant Gerhart and members of his family. Other depositions were taken of defendant H. Eugene Gerhart in a related action instituted by the Barrett Company against the United States Guaranty Company on a fidelity bond issued by that defendant. In the course of these depositions, certain admissions were made by Gerhart.

These facts are contained in a petition presented by complainant for the examination of the books and records of the Tank Car Corporation and its affiliated companies and it is alleged that the application is no longer premature in view of the proofs of direct payments to Gerhart as well as the sweeping admissions made by him. The records which complainant desires

to inspect are substantially every writing in the possession of defendant which relates to the Barrett Company. Since practically all the defendant's business was that of complainant, the decree requested is without limitation. It is averred that an inspection has been made of the books of the codefendant, Eastern Tank Car Company, after that company had gone into bankruptcy, and based upon that experience the petitioner states that the entry of the requested decree will greatly expedite the trial of this case.

We believe that complainant has not stated facts which entitle it to inspect defendant's books and records prior to the trial. It is conceded that there exists a means whereby complainant can secure these records at the trial. It must likewise be conceded that this is not the usual case of a request for inspection in order to prepare necessary pleadings, nor do we believe that the evidence requested has been shown to be necessary in order to establish the proofs. An examination of the averments in the bill of complaint and in this very petition discloses that complainant is apprised of sufficient facts which, if proven, entitle it to relief. It appears that the purpose of complainant's petition is to present as definite and complete a case as possible and in reality to corroborate the evidence already in its possession.

The power of the court to order the inspection of books and papers must be exercised with caution and will not be awarded where the object sought can be obtained as well without it: Tomlinson Co., Inc., v. Tatlow, 19 D. & C. 398. In Yorkshire Worsted Mills v. National Transit Co., 325 Pa. 427, the court said at page 430:

"The purpose of the discovery is to enable the party seeking it to make out his cause of action or his defense, not to pry into the case of his opponent and to anticipate it. . . . A litigant has no right by a bill of discovery to attempt to ferret out the manner in

which, and by whom, the case of his adversary will be proved. . . ."

The primary object of the bill of complaint is the recovery of the illegal profits gained as a result of the unlawful conspiracy, a necessary incident to which is a discovery of the extent of the operations. In substance, therefore, the prayer of this petition is a request for the determination of the issue framed by the pleadings, and to grant it would prejudge the case by granting the primary relief before hearing. Upon the facts presented, there exists no compelling necessity for equity to force defendant into a position so disadvantageous. Under the decision of the case of Baeder-Adamson Co. v. F. W. Tunnell & Co., Inc., 3 D. & C. 3, this court has the power in an equity proceeding to permit the inspection of defendant's records prior to trial. In that case, however, the very nature of the proceeding demonstrated that it would be impossible for plaintiff to prove its case without a preview of defendant's books. That difficulty is not present in this case. It is not necessary for complainant to establish the operations of the conspiracy "in toto". It will be the function of the proceedings after the hearing, if complainant is successful, to establish the magnitude of the alleged fraud.

Since a denial of the request is not fatal to the establishment of the cause of action whereas the granting of it would be attended with unlimited prejudice, we are of the opinion that the petition must be refused and the decree entered by this court on April 2, 1941, vacated.

### Order

And now, to wit, May 20, 1941, the decree of this court entered April 2, 1941, is vacated and complainant's petition to examine the books and records of the Tank Car Corporation of America and its affiliated or subsidiary companies is refused.