The facts are stated in the opinion by LEWIS, J. of the court below, in part, as follows: *Page 498 
This matter came before us upon objections to an Amended Bill in Equity for discovery.
The plaintiff William S. Fenerty, Esq., an attorney at law, brought his Bill against David Duffin, Sr., a former client, who had been made the defendant in an action to recover payment for legal services rendered. Also joined in the Bill were John Duffin and David Duffin, Jr., individually and trading as Duffin Brothers, and the Lexington Grille, a corporation. The last-named three defendants were not parties to the main action. The purpose as averred in the Bill was to obtain evidence in aid of the pending action by plaintiff against David Duffin, Sr., for counsel fees, it being averred that information regarding the values and disposition of goods, chattels, and the real estate which were sold at Sheriff's sales in actions in which the plaintiff acted as attorney for the defendant, David Duffin, Sr., was necessary to the preparation of plaintiff's suit for fees.
The defendants John Duffin and David Duffin, Jr., and the Lexington Grille filed objections to the effect that as they were not parties of record in the original action, and were not averred to be parties in interest in that action, they could not be made parties defendant in a Bill of Discovery brought as an aid to the main action. The pleadings show that they are not only not parties to the main action, but were actually adverse parties in actions in which the plaintiff alleges he rendered professional service. The general rule of law does not permit the joinder of such parties, and in order to bring the objectors within the exception to that rule, the plaintiff avers fraudulent collusion, but the Bill does not aver facts tending to substantiate such conclusion. For these reasons we held the joinder of the two defendants to be improper.
All the defendants to the Bill raise further objections, the first of which is that the plaintiff seeks to obtain information and facts which are readily available to him without seeking equitable discovery, since many of the *Page 499 
facts are matters of public record, and, further, the plaintiff, having acted as attorney in the matters concerned has, or should have, the information he pretends to seek. This is proper reason for dismissing a bill for discovery. InMeltzer v. Kushin et al., 342 Pa. 84, the Supreme Court recently said on page 86:
"It is a well settled principle applicable to bills of discovery that such a bill 'cannot be maintained to discover matter whereof complainant has the same means of information as defendant': 18 C. J., p. 1067. See also Kane v. Schuylkill FireIns. Co., 199 Pa. 198; Franz v. Bernhard, 58 Pa. Super. 519. 'A bill of discovery in aid of an action at law is an equitable remedy to enable a litigant to obtain, prior to trial, such information as is in exclusive possession of the adverse party and is necessary to the establishment of the complainant's case': Yorkshire Worsted Mills v. NationalTransit Co., 325 Pa. 427, 428."
A further objection to the Bill is that the plaintiff has a full, complete, and adequate remedy at law against all of the defendants as to all of the matters complained of, since all the defendants could be made subject to subpœna or to a subpœna duces tecum and be thus required to reveal at the trial all relevant information or documents in their possession. We may also point out that the transactions concerning which information is sought extend back over a period of many years and relate to litigation pending as far back as 1929 and 1933. It is for services rendered in these and other matters that the plaintiff is now pressing the main action. We can see no reason for a Court intervening in behalf of a party chargeable with want of due diligence and vigilance in protecting his rights. In Keaggy v. Lightcap, 320 Pa. 8, the Supreme Court in affirming a decree dismissing a Bill for Discovery brought by a physician who was a director of a bank against his real estate agent, said on page 10: *Page 500 
"It thus appears that plaintiff, who may reasonably be supposed to have had sufficient business experience to understand the matters laid before him, is asking a court of equity to examine into transactions extending back 25 years, and to rectify the results of his own carelessness. Clearly, he is chargeable with a complete want of the due diligence and vigilance in protecting his rights that a court of chancery requires before intervening in his behalf: See Kinter v. Com.Trust Co., 274 Pa. 436; Riley v. Boynton Coal Co., 305 Pa. 364;McKessen v. Doyle, 312 Pa. 591; Warnick v. Conroy, 318 Pa. 232; A mere assertion of ignorance is not sufficient (see Kinter v.Com. Trust Co., supra, page 442); in order to appeal to the chancellor's conscience, a plaintiff must show specifically 'how he came to be so long ignorant of his rights, and the means used by the respondent to fraudulently keep him in ignorance': see Riley v. Boynton Coal Co., supra, pages 370-371. Plaintiff has failed utterly to show fraudulent concealment on defendant's part or to supply reasonable justification for his lack of diligence in inquiring into defendant's stewardship."
An attorney at law, rather than his client or the opposing parties, is more likely to have information in his files relative to matters in litigation ten or more years in the past. This is especially true when as to him the matters are still open because he has not been paid for his services. If he does not have the information that he wishes, his lack of diligence is such that he is not entitled to the aid of a Court of Equity.
For which reasons we dismissed the Bill.
Plaintiff appealed.
The judgment of the Court below is affirmed upon the opinion of Judge LEWIS.