## Schiavo v. Caplo et al.

*Anthony J. Ciotola* and *Cletus M. Lyman,* for plaintiff.

*Henry Thalenfeld,* for defendants.

FLANNERY, J., December 30, 1954.—On July 30, 1954, plaintiff commenced an action in equity against defendants by writ of summons. No complaint was filed. On August 12, 1954, plaintiff filed a petition, obtained an order for discovery and thereafter subpœnaed defendants to appear to testify by deposition on oral examination and to bring with them:

1. All the records of the capital stock of Central Cabinet Making School, Inc., including stock transfer ledger, stock certificate books with stubs of issued certificates, all canceled stock certificates and all certificates representing outstanding shares;

2. All books, records and documents relating to the operation of Central Cabinet Making School by Frank J. Fierro, Esq., trustee;

3. All minute books and other books, records and papers showing the stockholders, officers and directors of the corporation from the time of incorporation in 1950 until the present time;

4 All books, ledgers and records, including canceled checks, relating to the receipt of money from Frank J. Fierro, Esq., trustee, and from the Veterans Administration and relating thereto to the disbursement thereof to the individual defendants and plaintiff;

5. All letters, documents and correspondence between the Department of Public Instruction and defendants or plaintiff in 1951, and

6. All documents executed by plaintiff in or about July 1951, relating to his withdrawal from the operation of the corporation and executed by plaintiff at or about the time plaintiff executed his stock certificate in or about July 1951.

This matter is before the court on defendants' objections to plaintiff's petition and order to take testimony by depositions upon oral examination for the purpose of discovery.

Defendants object: (1) That such depositions are too broad and exceed the limitations of Pa. R. C. P. 4007; (2) they exceed the necessities of a prime facie case, the test of the right to discovery under the rule; (3) the discovery sought would compel defendants to reveal their entire defense; (4) plaintiff has no right to discovery of matters relating to internal management of the corporation without first establishing that he is a shareholder; (5) plaintiff may not inquire into the internal affairs of the corporation until he proves his right to an accounting, always the second stage in litigation of this type; (6) the discovery sought will cause unreasonable annoyance, embarrassment, ex-

pense and/or oppression to defendants, and (7) the discovery sought would require an unreasonable investigation in violation of Pa. R. C. P. 4011.

These objections are now before us.

In his petition for leave to take such testimony, plaintiff alleges that:

1. In his complaint, when it is filed, plaintiff will assert that he is entitled to an accounting of one half of certain moneys received by the corporate defendant from the Veterans Administration and Frank J. Fierro, Esq., trustee of a private trade school owned by corporate defendant, and of one half the value of the physical assets of the school, that in effect corporate defendant is a trustee of such funds and property, that individual defendants as stockholders, directors and officers of the corporation have appropriated the funds to their individual purposes and are in effect trustees; that in 1951 plaintiff held one half of the then outstanding shares of stock, that on demand of the Department of Public Instruction he and defendant, Dominick Caplo, withdrew from the management and operation of the school, that in or about July 1951 he signed documents including his stock certificate in blank, delivering same to Dominick Caplo, which shares were transferred to the individual defendants who have since controlled the corporation.

2. Plaintiff has no recollection of the time or day he signed said documents, the nature of the documents or the number of shares he held, the number of shares held by other stockholders then or now, nor the person or persons to whom his shares were transferred in or about July 1951; nor any knowledge of the receipts and disbursements of said corporation; that the stock books, ledgers and records, letters, documents and files, are in the exclusive and hostile possession of defendants.

The instant proceedings involves a question of first impression in this court, the proper construction of Pa. R. C. P. 4007, as amended by the Supreme Court on April 12, 1954, and effective as of July 1, 1954. Insofar as it is material here, rule 4007 originally provided that subject to the limitations provided by rule 4011. ". . . the court on petition of any party may allow the taking of depositions orally . . . of any party or person to discover facts, including the existence and location of tangible things".

As amended, rule 4007 provides that subject to the limitations provided by rule 4011, as amended, "Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination . . . regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case".

Rule 4011, as amended, precludes discovery (a) sought in bad faith; (b) involving unreasonable annoyance, embarrassment, expense, or oppression; (c) relating to privilege; (d) relating to reports and memoranda secured in preparation for trial, and (e) involving unreasonable investigation. Dropped from rule 4011, as amended, in its entirety, is the original section (c), precluding discovery which would disclose facts which:

"(1) are not relevant and material to the subject matter of the pending action;

"(2) are not competent or admissible as evidence;

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner."

As presently stated, rule 4007 permits general discovery subject to the requirement of relevancy and subject to the requirement that the discovery will "substantially aid" the preparation of the pleadings or the preparation of the trial of the case, and further, subject to the requirements of rule 4011. The deletion of original rule 4011(c) eliminates the limitations of materiality, competency, admissibility, "known to the petitioner" and "prima facie claim or defense". It would appear that the suggestion in the commentary to Goodrich-Amram Civil Practice, that most of the cases decided under the original rules on the scope of discovery have been made obsolete, is correct. See Goodrich-Amram, subsection 4007-1, et seq. And as the court said in Lomish v. Morris Nimelstein Sportswear Company, Inc., 367 Pa. 393, 396-97:

"Discovery in aid of an action at law is an equitable remedy whereby a litigant is enabled to obtain prior to trial information in the exclusive possession of the adverse party necessary to establishment of the plaintiff's or defendant's case. . . . The remedy is available to one who would otherwise be unable to prepare pleadings: *Yorkshire Worsted Mills v. National Transit Company*, 325 Pa. 427, 429, 190 A. 897. . . . Discovery being an equitable remedy and having a salutary effect upon the administration of justice in that it enables parties litigant to secure facts which would otherwise be denied them and thus constitutes a useful and practical implement in the search for and the presentation of truth, is dependent upon a *prima facie* showing of necessity. The relief is not to be granted as a matter of right. Much must be left to the discretion of the Chancellor before whom the matter is presented. . . ."

In the instant proceeding defendants assert that the substance of plaintiff's action is an action for an accounting based upon an alleged interest in a cor-

poration; that the necessary data to plead his cause of action is contained in his petition; that there are two stages to this type of litigation—establishment of the right to accounting first, and then the accounting; that in all cases plaintiff is entitled to discovery only sufficient to make out a prima facie case, and that corroborative or substantive evidence may not be sought by discovery methods.

Schulz v. Schulz, 168 Pa. Superior Ct. 456, was an action for dissolution of a partnership and an accounting. Defendants' answer denied the partnership, alleged an employe relationship and counterclaimed for alleged overpayment of wages and expenses. Plaintiff was granted limited discovery of defendants' books and records to prepare his reply, and the court said, at page 459:

"It was not necessary for the appellee before seeking discovery to establish the main fact in controversy, the existence of a partnership. . . ."

We do not have to determine preliminarily that plaintiff fails to set forth the elements of a prima facie case in his petition for discovery in order to sustain his right to discovery since the limitation of "prima facie claim" has been dropped from the amended rule. We are of the opinion plaintiff is entitled to limited discovery subject to the requirements of relevancy and that it will substantially aid the preparation of his complaint. Accordingly, we think plaintiff in the instant case is entitled to discovery:

1. Of the capital stock records to trace the disposition of his stock including those to whom it may have been transferred;

2. Of the records necessary to determine the officers and directors of the corporation from the time plaintiff became a stockholder to the present time;

3. Of the records relating to the receipt by the corporation of money from the trustee and the Veterans

Administration to determine how much was received following the surrender of plaintiff's stock; .

4. Of correspondence between the Department of Public Instruction and defendants and plaintiff relating to plaintiff in 1951;

5. All documents executed by plaintiff in or about July 1951, relating to his withdrawal from the operation of the corporation and executed by plaintiff at or about the time plaintiff executed his stock certificate in or about July 1951.

Liegey, trustee, v. Clearfield Textile Company, 149 Pa. Superior Ct. 433, was an action by employes for wages. The employes charged that the clocks on their respective machines did not correctly show the yardage actually woven but showed a yardage less than was produced, that the company knew the clocks were underregistering, and that they were, therefore, being paid less than the amount earned. They sought discovery in order to prepare and file their cause of action. In affirming the right of discovery the court said, at page 437:

". . . If the averments of the bill are true, . . . appellant and her assignors have been knowingly cheated by their employer out of wages justly due them, through the use of a mechanical device which the average employee would naturally assume was correctly recording the basis of her compensation. The *extent* to which the various clocks under-registered the yardage is a fact absolutely essential to the successful prosecution of appellant's suit at law and that fact is within the exclusive knowledge of the employer. . . ."

Similarly, in the instant proceeding we think plaintiff is entitled to know the amount of the payments received from the trustee and the Veterans Administration to determine the amount of his claimed damages. Plaintiff contends that the subject matter of his

action is a trust which was violated by the corporation and all the individual defendants and that defendants are, therefore, accountable as trustees. He seeks discovery to determine the total amount of the trust subject, the persons who have received it and appropriated it, and in what respective amounts. We will not go that far at the present time. Rule 4012 provides for protective orders and the continuing jurisdiction of the court. At the proper time if necessary an appropriate motion to the court can be made under rule 4012.

Now, therefore, December 30, 1954, at 2 p.m., defendants' objections are dismissed and the parties will proceed in accordance with this opinion.