## Bealla v. Zuba

*David Yelen* and *Johnston & Pope*, for plaintiff.
*William S. McLean*, for defendant.

LEWIS, J., May 27, 1955.—This matter is before us on plaintiff's motion for a protective order under Pa. R. C. P. 4012(*a*).

Plaintiff filed her complaint in trespass to recover for personal injuries suffered in an automobile accident on or about August 2, 1952, allegedly caused by defendant's negligence. Thereafter the matter was listed for trial. On the day scheduled for trial, plaintiff moved for a continuance of the matter based upon the involvement of one of her counsel in another matter. The action was continued over defendant's objections.

On January 11, 1955, defendant gave notice to plaintiff of his intention to take her depositions under Pa. R. C. P. 4007(c). On January 17, 1955, plaintiff served on defendant's counsel the motion which is now before us.

Pennsylvania Rule of Civil Procedure 4007, in subsection (a) provides the right of which defendant attempted to avail himself in the following language:

"(a) Any party may take testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation *or trial of the case.*" (Italics supplied.)

Rule of Civil Procedure 4011 provides:

"No discovery or inspection shall be permitted which

"(a) is sought in bad faith;

"(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party;

"(c) relates to matter which is privileged or would require the disclosure of any secret process, development or research;

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; or

"(e) would require the making of an unreasonable

investigation by the deponent or any party or witness."

In support of her motion for a protective order designed to prevent the taking of depositions, plaintiff assigns the following reasons:

"1. The discovery is sought in bad faith and for the purpose of harassing the plaintiff.

"2. Defendant has in his possession a written statement signed by plaintiff which was taken by defendant's representative at its office after she had retained counsel, which fact was known to the defendant's representative.

"3. Although this case had been listed for trial on a previous occasion, it was because a request was made and granted over defendant's objections, for a continuance of this case to the next term, because of an engagement of one of her counsel in a prior case that the depositions are being sought."

In the absence of a general rule of court implementing the procedure involving the taking of depositions, as provided by subsection (d) of Pa. R. C. P. 4007, there is no requirement in the rules for disclosure of the scope or purpose of the deposition. And, as a matter of fact, we are without knowledge relating to the scope or purpose of the deposition which defendant seeks to take. We can only consider plaintiff's motion, therefore, in the light of subsection (a) or, possibly, subsection (b) of Pa. R. C. P. 4011.

As was indicated in Yorkshire Worsted Mills v. National Transit Company, 325 Pa. 427, 429, 190 Atl. 897, relied upon by Flannery, J. in dismissing objections to the taking of depositions in Schiavo v. Caplo et al., 1 D. & C. 2d 623, discovery in an equitable remedy, having a salutary effect upon the administration of justice, in that it enables parties litigant to secure facts which would otherwise be denied them.

Moreover, this equitable remedy has been greatly broadened in scope by the amendment to the rules which became effective July 1, 1954.

Inasmuch as there has been little judicial interpretation of these rules, we feel constrained to give weight to the commentary (of the drafters) indicating that a liberal construction is intended and that the judicial sanction of a protective order should rarely be used. If we are not to create "judicial legislation" therefore, persuasive reasons must be advanced in behalf of a protective order praying that the deposition shall not be taken.

Although there is, in fact, no burden of proof resting upon either party in the matter now before us, it would nevertheless seem that someone must have, at least, a burden of persuasion. In the absence of any specific rule creating that burden, the moving party, under general rules of procedure, must bear it. This, we feel plaintiff has failed to do.

Considering the reasons advanced in support of her motion, in their reverse order, plaintiff alleges:

"3. Although this case had been listed for trial on a previous occasion, it was because a request was made and granted over defendant's objections, for a continuance of this case to the next term, because of an engagement of one of her counsel in a prior case that the depositions are being sought."

We cannot accept that bare conclusion as evidencing bad faith on defendant's part. The facts are undisputed that the matter was listed for trial and continued because of the engagement of one of counsel for plaintiff over defense counsel's objections. The only amplification of those facts has been supplied by defendant's counsel to the effect that he resisted the continuance on grounds that the case was (allegedly) that of plaintiff's other counsel who was not engaged, and that plaintiff's counsel had previously advised him of the possibility of settlement of the other case

in which he was engaged and that it was, in fact, settled prior to noon of that day. Defendant's counsel also alleges that he advised plaintiff's counsel that he would agree to a continuance if plaintiff were made available for depositions in accordance with Pa. R. C. P. 4007.

It is to be noted that, subject to the limitations of Pa. R. C. P. 4011 hereinbefore referred to, deponent may be examined regarding any matter relevant to the subject matter which will, inter alia, substantially aid in the *trial of the case.*

Although defendant was willing to try the case when first listed for trial, we must assume, at this stage, that his general purpose in taking plaintiff's depositions is to substantially aid him in the trial of the case in the future, in accordance with his right and privilege under the rules.

We feel we are obliged to so interpret the rules unless there be a factual showing by the party resisting the discovery that it comes within the limitations of rule 4011. No facts leading to a reasonable conclusion that this is so have been advanced to us.

Plaintiff in support of her motion, also alleges:

"2. Defendant has in his possession a written statement signed by the plaintiff which was taken by the defendant's representative at its office after she had retained counsel, which fact was known to the defendant's representative."

The statement to which plaintiff refers is apparently that which is attached to defendant's brief and marked exhibit A. That statement purports to be a repudiation by plaintiff of the attorney-client relationship theretofore apparently accepted by all parties as existing between her and attorney David Yelen. We can see no legal relevancy to its being raised in support of plaintiff's motion. Our attention has not been called to the existence of any other statement.

The reasons in support of plaintiff's motion contained in paragraphs nos. 2 and 3, would appear to be alleged manifestations of the reason contained in paragraph no. 1, which reads as follows:

"1. The discovery is sought in bad faith and for the purpose of harassing the plaintiff."

As previously indicated herein, there being no valid showing of bad faith or harassment of plaintiff, the motion must be denied and defendant be allowed to take the deposition of plaintiff at such time and place most convenient to the parties, to be agreed upon by counsel. If for any reason counsel are unable to agree, the court, on further motion, will fix the time.

This matter having been presented to the court prior to the taking of depositions, the following order is made without prejudice to plaintiff's seeking a further protective order should defendant attempt to violate, in his interrogatories, any of the protective provisions of rule 4011.

Now, therefore, the motion for a protective order is denied and leave is granted defendant to take the oral deposition of plaintiff in accordance with this opinion.