## Lesser v. Henry, Appellant.

*Equity—Jurisdiction—Discovery in aid of action at law.*

1. Discovery in aid of a suit or defense at law is much favored in equity. It is important to the just determination of issues, that all material facts should be submitted to the consideration of the tribunal which is ultimately to pass upon the case. Where a party appeals to the conscience of his opponent to discover facts lying within his knowledge, it must be some strong equity, or stringent rule of policy that should form a bar to the discovery.

2. It is not competent for the defendant in a bill of discovery in aid of an issue at law, to deny the truth of the principal fact upon which is based the plaintiff's right to recover, and to decline answering as to matters which tend to prove the truth of the fact so denied; he must make discovery as to all matters which tend to prove the plaintiff's case in the issue at law.

3. The remedy of a bill in equity for discovery in aid of a suit or defense at law has not been displaced by the Act of February 27, 1798, 3 Sm. L. 303, which gives to the common-law courts a power to compel by rule the production on the trial of books, papers, documents, etc.

Argued April 8, 1912. Appeal, No. 2, April T., 1912, by plaintiff, from decree of C. P. Warren Co., Sept. T., 1910, No. 8, on bill in equity in case of F. A. Lesser v. W. F. Henry. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for discovery.    Before HINCKLEY, P. J.

The plaintiff in his bill claimed that on January 2, 1905, the plaintiff and defendant entered into an agreement whereby the plaintiff agreed to perform certain services for the defendant, to wit: solicit insurance business for the agency of the defendant, and the defendant agreed to pay a stipulated salary, a portion of premiums upon policies or renewals and a bonus of five per cent in case the defendant discontinued the contract.

That cotemporaneous with the execution of the contract and as a part of the contract, the plaintiff executed and delivered to the defendant a bond conditioned that the plaintiff would not divulge the secrets of the agency or retain any records or expirations of policies.

That the plaintiff immediately entered upon his duties and performed service until February 28, 1910, at which date the contract was discontinued by the defendant.

That the defendant is indebted to the plaintiff under the written contract, but no final settlement had been made.

On March 8, 1910, the plaintiff brought an action of assumpsit against the defendant in the court of common pleas of Warren county, Pennsylvania, at No. 8, June Term, 1910, to recover the amount due the plaintiff.

The plaintiff was unable to prepare and file a statement in the action that he had brought against the defendant as plaintiff had no records from which to determine the amount due him, and the defendant refused to furnish such information to the plaintiff.

The bill prayed for a decree compelling the defendant by answer under oath to make discovery of all and every policy or policies of insurance in force on February 28, 1910, written on the order of the plaintiff for a period of two and one-half years immediately prior to said date, including renewals in force on said date.

That the defendant in manner aforesaid file answer to interrogatories filed with the bill.

That the court grant other and further relief.

442      LESSER *v.* HENRY, Appellant.

Statement of Facts—Opinion of the Court.   [50 Pa. Superior Ct.

The court entered a decree in accordance with the prayer of the bill.

*Error assigned* was the decree of the court.

*D. U. Arird,* for appellant.—The plaintiff showed no right to the subject-matter of the suit which is necessary before he is entitled to a discovery: McQuaide v. R. R. Co., 6 Pa. Dist. Rep. 391; Jinks v. Banner Lodge, 139 Pa. 414; Weaver v. Shenk, 154 Pa. 206; Smith v. Ewing, 151 Pa. 256; Bailie v. Bailie, 166 Pa. 472.

*C. E. Bordwell,* for appellee.—It is a settled principle that one may have discovery to enable him to prepare his declaration: M'Intyre v. Mancius, 3 Johnson's Ch. 45; Bains v. Goldey, 35 Pa. 51; Dock v. Dock, 180 Pa. 14; Adams's App., 113 Pa. 449; Evans v. Goodwin, 132 Pa. 136; Drake v. Lacoe, 157 Pa. 17; Houseman v. Grossman, 177 Pa. 453; Rinaker v. Savings Fund & Tr. Co., 219 Pa. 523; Sears v. Scranton Trust Co., 228 Pa. 126.

OPINION BY HEAD, J., July 18, 1912:

It was not the purpose of the plaintiff, in filing this bill, to invoke the general jurisdiction of a court of equity to try and determine his controversy with the defendant. For that purpose he had sought the aid of a court of law and begun his action therein. From this, however, it does not follow that he may not properly go into a court of equity in an ancillary proceeding, the object of which is to aid the law court in the disposition of the action therein pending. Indeed, such is the very nature of a bill for discovery, as will clearly appear from the following definition of such a bill selected from the many contained in the various text-books on the subject: "A bill of discovery was a bill which asked no relief but simply the discovery of facts resting in the knowledge of the defendant, or of deeds or writings in the possession or the power of the defendant, in order to maintain the right or title of

the party asking it, in some suit or action or other proceeding in another court:" Eaton on Equity, p. 630.

Of course if it should appear on the face of such a bill that the claim or defense, in aid of which discovery was sought, could not be maintained because forbidden by law or contrary to public policy, or for other such conclusive reason, the bill would be demurrable and discovery would be refused.  But if the bill exhibit a proper case for discovery, the defendant therein cannot, by his answer, require proof of the main fact in controversy between the parties as an essential preliminary to the discovery sought. Were it otherwise, the limited jurisdiction invoked by the plaintiff in the bill would be at once extended so as to require of a court of equity, in a purely ancillary proceeding, the determination of the main question involved, and thus the judgment of the law court, in which the action had been begun, would be forestalled.  Thus it is said in Beach on Modern Equity Jurisprudence, sec. 857: "The defendant cannot defeat a discovery by denying that the evidence will be of assistance to complainant.  It is only where it can be seen that the interrogatories, if answered affirmatively, would not assist the plaintiff, that they will be dispensed with; and if the party of whom discovery is sought answer at all, he must answer freely: he cannot deny the truth of the principal fact, upon which plaintiff's right to discovery is based, and decline answering as to matters which would tend to prove the fact so denied." In Bains v. Goldey, 35 Pa. 51, the following syllabus fairly indicates the view of such a proceeding taken by Judge SHARSWOOD and adopted by the Supreme Court: "Under the 39th rule in equity, it is not competent for the defendant in a bill of discovery, in aid of an issue at law, to deny the truth of the principal fact upon which is based the plaintiff's right to recover, and to decline answering as to matters which would tend to prove the truth of the fact so denied; he must make discovery as to all matters which tend to prove the plaintiff's case in the issue at law." From the opinion of that eminent jurist in the same case

we clearly observe the true guiding principle in such cases: "Discovery in aid of a suit or defense at law is much favored in equity. It is important to the just determination of issues, that all material facts should be submitted to the consideration of the tribunal which is ultimately to pass upon the case. Where a party appeals to the conscience of his opponent, to discover facts lying in his own knowledge, it must be some strong equity or stringent rule of policy, that should form a bar to the discovery."

Nor has this ancient remedy been displaced because our common-law courts have power, under the act of February 27, 1798, 3 Sm. Laws, 303, to compel by rule the production on the trial of books, papers, documents, etc. The present case may fairly illustrate why this should not be so. The alleged facts in the possession of the defendant which the plaintiff seeks to discover in this proceeding are necessary, not merely to aid him by way of proof at the trial, but also to enable him, by proper averment, to so prepare his pleadings that the desired evidence would be admissible on the trial, and not subject to objections that might be raised for want of proper notice in the pleadings and the like. If the plaintiff, in a case like the present cannot, by this proceeding, have discovery of the facts which he alleges make out his claim, and could only first obtain such knowledge at the trial, he would probably be driven to an amendment of his pleadings, and the trial of his cause would thus be attended with that useless expense and delay so naturally irritating to litigants in our courts. It has been pointed out by Mr. Justice Mitchell in Dock v. Dock, 180 Pa. 14, that the remedy afforded by the act of 1798 to a party litigant in an action at law is often entirely inadequate, and therefore ought not to conclude him from availing himself of a better remedy: "The remedy at law is neither convenient nor adequate. The bill is first for discovery in aid of a defense to the suit. Under the act of 1798 the appellant might have had a rule to produce at the trial such letters and alleged copies as appellant could specify with reasonable precision beforehand, but the bill avers

that she had in fact written no such letters as appellee charged, and the contents of the alleged copies were therefore entirely unknown to her."

It appears to us therefore that the plaintiff in his bill has presented a proper case for discovery, and the record discloses no satisfactory reason why he should not have it. The decree entered by the learned court below carefully guards against any unnecessary injury to the defendant by the publication of the records of his business, and leaves the defendant no just ground for complaint. The assignments of error are therefore overruled.

Decree affirmed.