# Sherwood Bros., Inc., Appellant, v. Yellow Cab Co.

*Equity—Practice, equity—Pleading—Discovery—Act of June 16, 1836, P. L. 784—Equity Rules 69 to 72—Hearing on.*

1. Where one of the parties to a proceeding in equity orders the case for a hearing on bill and answer, the facts set forth in the pleading of the other party are to be taken as true only in so far as they are well pleaded and are relevant to a consideration of the points to be determined at the particular hearing.

2. Equity Rules 69 to 72 apply only to cases which have been tried, findings of fact and conclusions of law reported, and ten days allowed for exceptions; they have no applicability to a hearing on the pleadings, where a final decree is forthwith entered.

3. In determining the right of a party to "the discovery of facts material to a just determination of the issues" in another suit, as provided by section 13 of the Act of June 16, 1836, P. L. 784, 789, an answer denying all right to recover in the principal case, is wholly irrelevant; that right will be determined when the principal case is tried.

4. If the discovery sought is of evidence which will be admissible at the trial of the principal case, the discovery must be decreed, even though the fact sought to be established may be but a weak link in the chain of proof therein. The only exception to this rule is where recovery in the principal case is forbidden by

law, is contrary to public policy, or other such conclusive reason prevents it.

Argued May 4, 1925. Appeal, No. 243, Jan. T., 1925, by plaintiff, from decree of C. P. No. 4, Phila. Co., Sept. T., 1923, No. 7189, dismissing bill in equity, in case of Sherwood Brothers, Inc., v. Yellow Cab Co. of Philadelphia. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Bill for discovery. Before AUDENRIED, P. J.
The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting it and referring to the record.

*William W. Porter,* with him *Joseph Savidge,* for appellant.—The jurisdiction of a court of equity on a bill for discovery in aid of a pending suit at law is limited and does not extend to the decision of the rights of the parties in the action at law in aid of which the discovery is sought: Lesser v. Henry, 50 Pa. Superior Ct. 440; Bains v. Goldey, 35 Pa. 51.

The measure of plaintiff's damages is not the difference between the contract price and the market price of the goods to be delivered, but is the loss of the profit it would have made and the expense it incurred: Wilson v. Wernwag, 217 Pa. 82; Stewart v. Turner, 72 Pa. Superior Ct. 235; Imperial Coal Co. v. Port Royal Co., 138 Pa. 45; Pittsburgh Steel Foundry Co. v. Steel Co., 223 Pa. 430; Puritan Coke Co. v. Clark, 204 Pa. 556.

*Wm. A. Schnader,* for appellee.—No exceptions having been filed, the only matter before the court is the validity of the decree: Schwartz v. Wesoky, 281 Pa. 388.

Only material information can be obtained by a bill for discovery: Campbell v. Knowles, 13 Phila. 163; Waldron v. Bayard, 1 Phila. 484.

Under the bill itself the information demanded is immaterial: McKeever, Cook & Co. v. Iron Co., 138 Pa. 184; Poland Coal Co. v. Rogers, 260 Pa. 118.

Under the averments of the answer the information sought by the interrogatories is immaterial: Marchand v. Marsh, 280 Pa. 292; McKeever v. Iron Co., 138 Pa. 184.

OPINION BY MR. JUSTICE SIMPSON, May 25, 1925:

Plaintiff having sued defendant for an alleged breach of its written agreement "to purchase from [plaintiff] all the motor fuel consumed by [defendant] in the conduct of its business in Philadelphia" between certain dates, filed the present bill in equity, in aid of the suit at law, averring its pendency, that discovery was needed of the extent of defendant's business during the period specified, in order to prepare a proper statement of claim in the action at law, and prayed that defendant be required to answer certain interrogatories. The first two of these related to the extent of defendant's purchases between the dates named, and hence were material; the third was immaterial, as respects the purpose for which discovery was sought, since it asked only for the names of the other concerns from whom defendant had supplied its needs. Defendant answered, setting forth what it alleges is a full defense to plaintiff's claim; the court below dismissed the bill on the ground that, under the facts stated, plaintiff could, in the action at law, recover nominal damages only, and it thereupon appealed. The decree of dismissal is erroneous, so far as relates to the first two interrogatories.

Two preliminary questions are raised. Defendant contends that, as plaintiff ordered the case for a hearing on bill and answer, the averments of the latter must be taken as true. The rule referred to is much too broadly stated; it applies only to such well-pleaded facts as are relevant to a consideration of the points to be determined at the particular hearing. As we will show later,

the ultimate defense to the suit at law was not relevant in the proceedings in equity.

Defendant also claims that plaintiff is barred from now complaining of the rulings and decision of the court below, because it did not file exceptions thereto in accordance with Equity Rules 69 to 72. These rules apply only to cases which have been tried, where findings of fact and conclusions of law have been reported, and ten days allowed for exceptions thereto; they have no applicability where, as here, the hearing is on the pleadings, and a final decree is forthwith entered.

This brings us to a consideration of the main question involved. By section 13 of the Act of June 13, 1836, P. L. 784, 789, it is provided that equity shall have jurisdiction "so far as relates to......the discovery of facts material to a just determination of issues, and other questions arising or depending in the said courts." As applied to the pending case, this means facts which will be "material" in the trial of the suit at common law. No other meaning has ever been given to the word "material," when referring, as here, to the obtaining or production of evidence, whether at the trial, or by bills of discovery, depositions, commissions or letters rogatory. In all such instances, facts are "material" which tend to establish any of the issues raised, although each of them may be but weak links in the chain of proof leading up to the recovery sought. The statute does not otherwise limit the right to have discovery of such material facts; nor do the courts, unless it should clearly "appear on the face of such a bill that the claim......in aid of which discovery was sought, could not be maintained because forbidden by law, or contrary to public policy, or for other such conclusive reason": Lesser v. Henry, 50 Pa. Superior Ct. 440, 443.

Since plaintiff is seeking, by its action at law, to recover damages for defendant's failure to purchase, between the dates specified, all the motor fuel used in its Philadelphia business, necessarily a knowledge of the ex-

tent thereof, as inquired of in the first two interroga-
tories, is most "material," for otherwise it can neither
properly prepare its statement of claim, nor successfully
prove its case at the trial. The other points referred to
in the opinion below, and in the brief of appellee, are
prematurely raised, and hence are not now decided by us.

The decree of the court below is reversed at the cost of
appellee, and the record is remitted with directions that
a decree be entered requiring defendant to make full and
complete answers to the first and second interrogatories
attached to plaintiff's bill of complaint.