Liegey, Trustee, Appellant, *v.* Clearfield Textile Company.

434

Argued December 15, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*John C. Arnold,* with him *D. Edward Chaplin* and *Dan P. Arnold,* of *Arnold & Chaplin,* for appellant.

*James K. Nevling,* with him *William T. Davis,* of *Nevling & Davis,* and *Powell & Smith,* for appellee.

OPINION BY CUNNINGHAM, J., July 23, 1942:

The controversy out of which this appeal arose is between forty-eight female employees and their employer, Clearfield Textile Company. The company operates a plant for the manufacture and production of woven fabrics; the employees operated loom machines upon which they wove a velvet fabric, known in the trade

as "Pile Warp," their wages being fixed at a specified rate for each yard produced. Each machine was equipped with a mechanical device, commonly called a clock, which purported to indicate accurately the number of yards woven by its operator. The employees charge that the clocks on their respective machines did not correctly show the number of yards actually woven thereon but registered a yardage less than was really produced; that the company knew the clocks were under-registering; and that each employee was, therefore, paid less than the amount earned by her during the period between September 9, 1935, and April 1, 1940.

Annie Liegey, plaintiff below and appellant herein, was one of these employees and the forty-seven additional workers assigned to her, as trustee for them, all of their rights against the company for the wages they should have, but did not, receive. She brought a suit in assumpsit, in her own right and as trustee for her assignors, against the company to No. 336 December Term, 1940, in the Court of Common Pleas of Clearfield County, which is now pending therein.

Immediately after the institution of this suit Annie Liegey, averring that she is unable to prepare and file a complete and precise statement of her cause of action therein because the extent of the inaccuracy in the clocks, the yardage actually woven upon each machine as compared with the number of yards for which each employee was paid, the periods of time during which the employees worked at their respective machines as shown by the company payrolls, and other like matters, are facts exclusively within the knowledge of the company, filed a bill of discovery (to which several amendments were allowed) on the equity side of the court below at No. 2 December Term, 1940, in aid of her suit at law. Preliminary objections to the amended bill were filed by the defendant company, under Equity Rule No. 48; these objections were sustained and the bill

dismissed in a decree dated July 1, 1941, and plaintiff now appeals from that decree.

One of the objections was that the bill is multifarious and there is a misjoinder of parties thereto. The court below properly dismissed this objection, holding that appellant, as assignee of the various claims, could not only institute her action at law but also file a bill for discovery in aid thereof; the company has not appealed and that question is no longer in the case.

In her amended bill, appellant, in addition to stating the facts to which we have referred, averred neither she nor any of her assignors had any records of the shortages in measurements and wages and had no means of obtaining knowledge of the yardage actually produced except from the books and records of appellee, which information it had refused to disclose; hence the necessity for discovery.

The prayers of the bill were that appellee make discovery of, (a) the identification number of the machine or machines upon which each employee worked, together with the dates they worked thereon between September 9, 1935 and April 1, 1940; (b) the actual number of yards produced; (c) the number of yards paid for; and (d) for permission to examine appellee's books and records at such time and place as the court might direct. The interrogatories sought detailed answers with respect to the above matters.

Specific objections requiring consideration were that the bill shows on its face the claims "arose as early as September 9, 1935, but ...... does not anywhere aver facts which would explain the unreasonable delay in bringing this action", and that the bill was in fact one for an accounting without establishing equitable grounds therefor.

In sustaining the objections, the learned chancellor held, in general, that appellant and her assignors had equal opportunity to know of the alleged shortages and

should have kept their own records thereof; that they were guilty of such laches as to bar their right to compel appellee to disclose the information sought; and that they were really seeking an accounting.

We are not convinced this is a case which should be finally disposed of upon preliminary objections. If the averments of the bill are true, and for present purposes we must assume they are (*West, Admrx. v. Young et al.*, 332 Pa. 248, 2 A. 2d 745.; *Naffah v. City Deposit Bank et al.*, 339 Pa. 157, 159, 13 A. 2d 63), appellant and her assignors have been knowingly cheated by their employer out of wages justly due them, through the use of a mechanical device which the average employee would naturally assume was correctly recording the basis of her compensation. The *extent* to which the various clocks under-registered the yardage is a fact absolutely essential to the successful prosecution of appellant's suit at law and that fact is within the exclusive knowledge of the employer. Under such circumstances, appellant and her fellow employees should not be turned out of a court of justice, without even an answer from their employer.

Discovery in aid of an action at law is a recognized ground of equitable jurisdiction in this Commonwealth: *Sherwood Bros., Inc. v. Yellow Cab Co.*, 283 Pa. 488, 129 A. 563; *Compton v. International Harvester Co. of America*, 297 Pa. 462, 147 A. 93; *Yorkshire Worsted Mills v. National Transit Co.*, 325 Pa. 427, 190 A. 897; *Lesser v. Henry*, 50 Pa. Superior Ct. 440. The Act of June 16, 1836, P. L. 784, 789, Section 13, 17 PS §282, granted courts of common pleas the jurisdiction of courts of chancery so far as relates to "...... III. The discovery of facts material to a just determination of issues, and other questions arising or depending in the said courts ......"

Discovery as an ancillary remedy is a favored jurisdiction of equity and the right will always be enforced unless some recognized and well established objection

exists in the particular case to prevent or limit its operation: 1 Pomeroy's Equity Jurisprudence, Section 195, page 290, (5th Ed. 1941). Quoting SHARSWOOD, J., this court stated in *Lesser v. Henry,* supra, at page 444: "Discovery in aid of a suit or defense at law is much favored in equity. It is important to the just determination of issues, that all material facts should be submitted to the consideration of the tribunal which is ultimately to pass upon the case. Where a party appeals to the conscience of his opponent, to discover facts lying in his own knowledge, it must be some strong equity or stringent rule of policy, that should form a bar to the discovery." See also *Compton v. International Harvester Co. of America,* supra, at page 468.

We are not impressed with the objection that the employees should have been aware of the faulty adjustment of the measuring devices and should have kept their own records of the yardage produced and how much had been paid for. It is a matter of common knowledge that employers keep detailed records of payrolls and the amount of work done by each employee, especially where the latter is paid on the basis of piece work or total number of units produced. On the other hand, the individual employee, under ordinary circumstances, is lacking in facilities for keeping such detailed accounts. If such records exist, and can be produced without excessive inconvenience to the employer, they should be made available to appellant in a proceeding of this sort.

Payroll records of an employer, based on units produced by the individual employee, are not unlike the records of an insurance agency relative to policies written or renewed by an insurance solicitor. See *Lesser v. Henry,* supra, [50 Pa. Superior Ct. 440], where a plaintiff's bill for discovery was sustained.

Nor do we think the bill discloses on its face such laches as would justify its dismissal. In considering

this question, and indeed throughout his opinion, the chancellor seems to us to have overlooked the distinction between appellant's ancillary right to discovery and her ultimate right to recover in her suit at law. A bill of discovery in aid of a suit at law, though brought in equity, is wholly an *ancillary* proceeding. "If the bill exhibit a proper case for discovery, the defendant therein cannot, by his answer, require proof of the main fact in controversy between the parties as an essential preliminary to the discovery sought. Were it otherwise, the limited jurisdiction invoked by the plaintiff in the bill would be at once extended so as to require of a court of equity, in a purely ancillary proceeding, the determination of the main question involved, and thus the judgment of the law court, in which the action had been begun, would be forestalled": *Lesser v. Henry*, supra, at page 443; *O'Donnell v. Morris Run Coal M. Co.*, 319 Pa. 293, 297, 179 A. 454.

The suit at law was commenced within the statutory period of limitation for such actions and the bill of discovery was filed the next day after its institution. In our opinion this objection is without merit. Compare *Ebbert v. Plymouth Oil Co. et al.*, 338 Pa. 272, 277, 13 A. 2d 42. By reason of the ancillary nature of a bill for discovery in aid of a suit at law, the question of laches in seeking the discovery would ordinarily relate to the time between the commencement of the suit at law and the filing of the bill. See *Campbell et al. v. Lago Petroleum Corp. et al.*, 19 F. Supp. 875, 877 (1937—E. Dist. N. Y.); 18 Corpus Juris, 1065, Section 16; and 17 American Jurisprudence, page 24, Sec. 35.

Neither on its face nor in substance does appellant's bill purport to seek an accounting in equity. The equitable jurisdiction invoked is not general, but ancillary to the suit at law. Appellant asks no substantive equitable relief in the form of an accounting, but only that

440

appellee make available its records to enable her to fix the amount of her claim in the pending suit.

We are not to be understood as holding that appellant is entitled to discovery of all the matters minutely detailed in her bill and interrogatories. All we decide is that she has pleaded a case which requires an answer and that her bill should not have been summarily dismissed. If appellee cannot furnish all the information sought without undue hardship, it can state its reasons for such inability in its answer, and the validity thereof can be passed upon by the chancellor in the light of all the circumstances then existing. It seems to us that the principal objections now before us can be raised in an answer upon the merits. The assignment of error to the decree sustaining the preliminary objections and dismissing the bill is sustained.

Decree reversed and appellee directed to answer over.