## Kerr et al. v. Patterson et al.

Samuel A. Montgomery, for plaintiffs.
Raymond E. Larson, for defendants.

ERVIN, J., September 25, 1947.—The two plaintiffs filed a joint bill in equity against defendants in the nature of a bill of discovery. They allege that they were employes of defendants (although the dates of their employment do not coincide) under oral contracts, by virtue of which they were to receive a commission on all sales made by defendants from which there was to be deducted a certain percentage of the expenses of operating defendants' business. They allege that there is due them sums considerably in excess of the amount of commissions paid, that the exact amount thereof is unknown because all the books, records, etc., are in the exclusive possession of defendants and, therefore, pray

for an order directing defendants to produce their books, records, etc., for inspection and examination.

Defendants filed preliminary objections to the bill on the grounds: (1) The bill is multifarious; (2) that the averments of the bill show that no separate action for an account or other relief is pending and, (3) plaintiffs seek the production of books, papers and documents without having first established their right to an account. It is true that at the time the bill was filed and at the time the preliminary objections were filed there was no other action pending in this court. However, we were informed at the oral argument that plaintiffs have now filed separate actions in assumpsit against defendants. This being so, rule 103 of this court now applies. It reads: "Bills in equity for discovery or to enjoin pending proceedings at law, shall be assigned by the prothonotary to the term and number of the original action or proceeding."

This rule is not peculiar to this county and was adopted for the purpose of having all matters related to the one cause of action filed under one term and number. Therefore, we will enter an order sustaining defendants' preliminary objections and dismissing plaintiffs' bill, without prejudice to plaintiffs' rights to file new bills under the respective terms and numbers of their assumpsit actions. We may say in passing that the contention of defendants that plaintiffs are not entitled to discovery without first having established their right to an account could not have been sustained. As was pointed out in Liegey v. Clearfield Textile Co. 149 Pa. Superior Ct. 433 at 439, plaintiffs do not in this bill ask for an account but only that defendants make available their records to enable them to fix the amount of their claim.