Schulz *v.* Schulz, Appellant.

Argued November 20, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Ben Paul Jubelirer,* for appellant.

*Herbert Jacobson,* with him *Albert A. Fiok* and *Joseph H. Reich,* for appellee.

OPINION BY ROSS, J., March 12, 1951:

This is an appeal from an order issued on a petition presented under Equity Rules 35 and 53, 12 PS 1221,[1] in connection with a bill in equity filed by the appellee asking for the dissolution of a partnership and an accounting.

To the appellee's bill, the defendants filed an answer denying that a partnership existed, averring that the plaintiff-appellee had rendered services as an employee and not as a partner, and that he had been paid in full for his services. In connection with their answer, the defendants filed new matter under which they sought affirmative relief (money damages in the amount of approximately $7,300.00) on the basis that

---

[1] "Rule 35. After a case has been duly commenced, the court, on cause shown, may order the defendant to produce, and permit plaintiff to make a copy of, any books or papers, in defendant's possession or under his control, which are necessary to enable plaintiff properly to prepare his bill . . ."

"Rule 53. Under the circumstances appearing in Rule 35, like proceedings may be taken to compel the opposite party to produce books and papers necessary for the proper preparation of answers and replications."

*according to their records,* the plaintiff had been overpaid for his services and for his expenses. The appellee then filed a petition for the right to inspect the defendants' books and other business records so that he might "properly prepare his replication to the new matter set out in [defendants'] answer", averring that the books are in their exclusive possession. Upon this petition the court below entered an order permitting such examination—although limited in scope—and gave the appellee additional time, after his examination of the books, for the filing of his replication to the new matter. From this order the individual appellant took this appeal. The appellee has made a motion to quash the appeal on the ground that the order is interlocutory.

The petition in this case is in the nature of a bill of discovery, and discovery is regarded with favor by a court of equity. In *Liegey v. Clearfield Textile Co.,* 149 Pa. Superior Ct. 433, 27 A. 2d 545, the plaintiff in an assumpsit action filed a bill in equity for discovery, averring that she was unable to procure the necessary information to prepare her cause of action because this information was exclusively within the knowledge of the defendant. In holding that she was entitled to discovery we stated, at page 437: "Discovery as an ancillary remedy is a favored jurisdiction of equity and the right will always be enforced unless some recognized and well established objection exists in the particular case to prevent or limit its operation: 1 Pomeroy's Equity Jurisprudence, Section 195, page 290, (5th Ed. 1941). Quoting SHARSWOOD, J., this Court stated in Lessor v. Henry,[2] supra, at page 444: 'Discovery in aid of a suit or defense at law is much favored in equity. It is important to the just determination of issues, that all material facts should be

---

[2] 50 Pa. Superior Ct. 440.

submitted to the consideration of the tribunal which is ultimately to pass upon the case. Where a party appeals to the conscience of his opponent, to discover facts lying in his own knowledge, it must be some strong equity or stringent rule of policy, that should form a bar to the discovery.' "

It was not necessary for the appellee before seeking discovery to establish the main fact in controversy, the existence of a partnership. *Liegey v. Clearfield Textile Co.*, 149 Pa. Superior Ct. 433, 27 A. 2d 545, supra. It appears to be the primary contention of the appellant that in view of the defendants' denial that a partnership existed, the appellee is not entitled to an *accounting* until the issue of partnership is determined in favor of appellee. Of course, that contention is sound but it is not involved in the appeal before us. The court below did not in any sense determine this issue and order an accounting. It solely, under the authority of Rules 35 and 53, ordered the defendants to allow appellee to examine certain records within their possession to enable him to prepare an answer to their claim for affirmative relief. There is no contention that the appellee could get this information in any other way than from an examination of these records; admittedly the plaintiff's claim and the defendants' claim for money damages arose from transactions between the parties and the books relating to these transactions were kept by and within the control of the defendants.

The appellee's motion to quash this appeal on the ground that it is interlocutory is ruled in his favor by *Young v. Bradford Co. Tel. Co.*, 346 Pa. 90, 29 A. 2d 533, in which the Supreme Court quashed a similar appeal.

The appeal, being from an interlocutory order, is quashed.