# Pennsylvania Telephone Corporation v. Peoples Natural Gas Company

Before Marshall, Ellenbogen, O'Brien and Drew, JJ.

*Howard Y. Crossland* and *Evans, Ivory & Evans*, for plaintiff.

*James B. Sayers, William H. Eckert, Milton W. Lamproplos* and *Smith, Buchanan, Ingersoll, Rodewald & Eckert*, for defendant.

ELLENBOGEN, J., December 3, 1952.—Plaintiff has petitioned the court under Rule 4005 of the Pennsylvania Rules of Civil Procedure for an order permitting plaintiff to serve defendant, Peoples Natural Gas Company, with certain interrogatories requesting information largely relating to the ownership, location, installation, maintenance, inspection and removal of gas lines in Goucher Street, Westmont, Pa., where, it is alleged, a gas explosion occurred which caused damage to plaintiff's property.

The petition as amended and supplemented, avers that: (1) The information requested is within defendant's exclusive control and jurisdiction; (2) the information is essential to plaintiff to prove a *prima facie* claim; (3) the information is not available to plaintiff except if secured from defendant, and (4) the informa-

tion is of special importance in view of defendant's denial in its answer that gas owned by defendant escaped from its lines and caused the explosion out of which the action arose.

After due consideration of the petition and the answer of defendant in which every averment of the petition is specifically denied, we believe the prayer of petitioner except as to interrogatories (5) and (7) should be granted.

Under Rule 4005 of the Rules of Civil Procedure, the court, subject to the limitations of rule 4011, is authorized to allow the service of interrogatories approved by the court to be answered by an adverse party, to discover facts, including the existence and location of tangible facts.

The procedural rules, being remedial, should be liberally construed, lest their purpose be defeated. The requests for discovery should of course be refused in those instances where a recognized objection is advanced: Liegey, Trustee, v. Clearfield Textile Co., 149 Pa. Superior Ct. 433 (1942) ; Lesser v. Henry, 50 Pa. Superior Ct. 440 (1912) ; Bollinger v. West Penn Power Co., 97 Pitts. L. J. 42 (1949).

Written interrogatories served upon an adverse party under rule 4005 must be restricted to the discovery of facts which are competent and admissible as evidence.

Defendant argues that "discovery is dependent upon a prima facie showing of necessity." The necessity contemplated by this limitation of rule 4011 means that "the petitioner is unable to secure or obtain that information or knowledge from any other source and that unless he secures it by the discovery sought he will not have sufficient information to plead his claim— nor evidence by which to prove it": 5 Anderson Pa. Civil Practice 342.

A reasonable interpretation of the word "necessity," as used in the statute, requires us to hold that the information sought to be discovered by plaintiff is, for all practical purposes, within "the exclusive possession or control of the defendant."

Plaintiff here cannot satisfactorily obtain the information desired elsewhere. This interpretation is in the best interests of justice.

Defendant's contention that the petition does not set forth sufficient facts to entitle plaintiff to discovery is not well taken. In view of the fact that a gas explosion occurred which damaged plaintiff's property, the facts set forth in the petition are sufficient to entitle defendant to discovery.

The suggestion by defendant that plaintiff should be denied the assistance of the discovery procedure because the matter sought to be obtained by the interrogatories can be obtained by a subpoena duces tecum, is lacking in merit. See Yorkshire Worsted Mills v. National Transit Company, 325 Pa. 427, where it was said:

"The legal remedy (subpoena duces tecum) is not complete, for the circumstances in which a litigant can obtain the production of books or records prior to trial are few at law. See Raub v. Van Horn, 133 Pa. 573; Compton, Tr., v. International Harvester Co., supra, at pp. 467-8. Without equitable relief, parties would frequently be unable to prepare pleadings and avoid surprise at the trial of their case."