## Drawbaugh, Administratrix, v. Pennsylvania Power & Light Company

*Compton, Handler & Berman,* for plaintiff.
*Hurwitz, Klein & Meyers,* for defendant.

SOHN, J., December 22, 1952.—The matter before the court in this case concerns a petition for discovery filed under the provisions of the Pennsylvania Rules of Civil Procedure. An action in trespass was instituted by plaintiff on April 21, 1951. On October 23, 1951, plaintiff served her petition for discovery on defendant, to which petition defendant filed preliminary objections. At the time of argument thereon, counsel for plaintiff agreed to amend her petition for discovery.

On January 23, 1952, plaintiff filed her amended petition for discovery, to which defendant filed its preliminary objections in the matters now before the court to dispose of the objections.

The amended petition for discovery sets forth that plaintiff's decedent, Oscar David Drawbaugh, was employed on April 26, 1950, by Hempt Bros. of Camp Hill, Pa., as a truck driver, and on that day delivered an engine to an area located a short distance south of Selinsgrove, Snyder County, Pa., the area then being under the control and possession of Hempt Bros. It sets forth also that at all relevant times Hempt Bros. were engaged in the construction of the relocation of State Highway Route No. 11, and in the process of such engagement were erecting a concrete batching plant, the engine for which was delivered to the area by decedent. In order to unload the engine from the truck which decedent was driving, a certain crane owned by Hempt Bros. and used in the area for sometime prior to April 26, 1950, was employed, and during this unloading process decedent was standing on the ground near the unloading operation. Over the general area occupied by Hempt Bros., and particularly over the area where the unloading operation was proceeding, defendant owned, maintained, controlled and operated electric transmission lines. During the unloading process, decedent was electrocuted when he received a fatal charge from the electric transmission lines, the electric charge arcing from the electric transmission lines, traveling down the crane, contacting decedent and killing him.

The petition further avers that with regard to the interrogatories which were attached to the petition, she had made diligent inquiry and was unable to ascertain the necessary information required for her pleading and for the establishment of a prima facie case at the time of trial. In addition, with regard to the answers to the interrogatories, petitioner further averred that they were within the exclusive knowledge of defendant, and for those reasons requested that the court order the interrogatories answered.

Defendant in its preliminary objections to the original petition for discovery listed seven general preliminary objections, the second and seventh of which stated that:

"The information requested in the interrogatories attached to the petition for discovery is not within the purview of Rule 4005 of the Pennsylvania Rules of Civil Procedure and is beyond the prohibited limitations of rule 4011 of said rules, since the requested discovery: . . .

"(b) Is irrelevant and incompetent to the subject matter of the pending action. . . .

"(g) Has not been demonstrated to be competent or relevant or material, or admissible as evidence, since no complaint has ever been filed nor has the alleged negligence of the defendant been averred in the petition for discovery."

In the preliminary objections to the amended petition for discovery, defendant again listed general preliminary objections, word for word, with the preliminary objections filed to the original petition for discovery, *except* that the two objections quoted above were omitted.

We feel that the omission is important. By the omission, defendant has tacitly admitted and conceded that the information requested in the interrogatories is competent and relevant and material. In the brief filed with this court defendant in support of its preliminary objections to the original petition for discovery, it was set forth by defendant as follows:

"Upon receipt of the interrogatories they were sent to the main office of the defendant in Allentown, Pennsylvania, and counsel for the defendant were advised, and on the basis of such information we so advise the court, that to search, find and supply all the information sought in the 52 interrogatories would require

several men at least several days to gather the same."

Coupling the omission of the second and seventh general preliminary objections, as filed in the original preliminary objections, when the second general preliminary objection to the amended petition was filed, with the language just quoted, we feel that the information requested in the interrogatories is competent, relevant and material. It is evident from the language used in defendant's brief as above set forth, the information requested by plaintiff is within the control and no doubt in the files of defendant company at Allentown, or elsewhere.

Sixty-five separate interrogatories are attached by plaintiff to the amended petition requesting discovery. Defendant has not pointed out specifically and with particularity where any one interrogatory fails to comply with the Rules of Civil Procedure and for that reason, the court is not going to discuss specifically each and every one of the interrogatories propounded. A general review of them shows that what plaintiff seeks is the location of the transmission lines on stated dates, the height of the transmission lines on stated dates, the voltage, maximum sag of the lines, the type insulation used, and method of construction.

Likewise, the interrogatories request information with regard to the nature or absence of warnings given and how and when they were given, under what right defendant relocated and maintained its lines, and the knowledge of defendant with regard to the fact that Hempt Bros. were operating in the particular area concerned.

Plaintiff also requested certain blueprints and photographs, but first inquired in each instance whether those blueprints or photographs were in existence and if so, where they were located. If they are in existence, we feel that it is but a technical objection to say that

plaintiff should formally file a petition under rule 4009 instead of rule 4005. If plaintiff has a right to the blueprints and photographs, there is no reason whatsoever why they should be delayed by technical objections in securing them.

Turning now to a discussion of the law of permitting discovery in Pennsylvania, we find that the history in this State has historically been very liberal. In Liegey, Trustee, v. Clearfield Textile Company, 149 Pa. Superior Ct. 433, 437 (1942), we find it held that:

"Discovery as an ancillary remedy is a favored jurisdiction of equity and the right will always be enforced unless some recognized and well established objection exists in the particular case to prevent or limit its operation."

In Peoples City Bank v. John Hancock Mutual Life Insurance Company, 353 Pa. 123 (1945), our Supreme Court cited with approval the language of Mr. Justice Cardozo in Sinclair Rfg. Co. v. Jenkins Co., 289, U. S. 689, where it is said that:

"The rationale of the remedy (of discovery), when used as an auxiliary process in aid of trials at law, is simplicity itself. At times, cases will not be proved, or will be proved clumsily or wastefully, if the litigant is not permitted to gather his evidence in advance."

Most of the cases just cited were decided prior to the discovery practice of Pennsylvania, prior to the adoption of the Rules of Civil Procedure. Anderson in his new series on Pennsylvania Civil Practice states:

"While the right to discovery is discretionary with the court and is subject to a number of limitations, the court should not be hostile to allowing discovery when it comes within the scope of the rules. Discovery should only be refused where a procedurally recognized objection exists in the particular case. . . . The court should be reluctant to refuse leave to obtain discovery

merely because the court is not in sympathy with the procedure of discovery or for any other reason not expressed by the rules": 5 Anderson Pa. Civil Pract. 269.

We have the recent decision of President Judge Mac-Neille of Common Pleas Court No. 3 of Philadelphia County in Klosterman et ux. v. Clark et al. 78 D. & C. 263 (1951). This was an action in trespass to recover damages for personal injuries sustained by plaintiff as a result of falling upon the sidewalk of premises leased and owned by defendants. Although this case referred to permission to take oral depositions, its general treatment of the law of discovery under the new rules, we feel, is particularly apropos. At page 264 we find the following:

"We shall not delay disposition of this matter with an analysis of relevancy, since we are primarily interested in setting forth our views as to the new discovery rules. We are of the opinion that the new rules are to receive a liberal usage in the trial courts so that the bench and bar may preview their effect upon our trial procedures. We cannot ignore the history of these rules whereby the tentative drafts submitted to the bench and bar became increasingly more liberal until they reached their present form. It should be apparent that determinations of irrelevancy are not to be loosely made upon the assumption that by possibility an answer may be irrelevant. Most of such decisions will abide the trial and rulings at that time.

"Defendants suggest that, since certain facts are set forth in the complaint, they must already be within plaintiffs' knowledge. It is not to be presumed that, because a complaint or answer sets forth a cause of action or defense, no inquiry may be made as to the facts averred. Averments made on information and belief may be provable by facts within the possession

of the opposing party. It is the design of the discovery rules that pertinent facts shall be made available before trial."

Defendant now further objects that the number of interrogatories has been increased from 52 to 65, as they appear attached to the amended petition for discovery. We feel that the number of interrogatories is immaterial, as they are for the purpose merely of covering facts which are necessary to the presentation of plaintiff's case. Defendant originally complained that plaintiff could not ask for reports, maps and drawings to be produced, without first determining whether they are in existence. An examination of the interrogatories attached to the amended complaint shows that plaintiff first inquired whether such evidence is in existence, and if it is, where it is located, and finally asked defendant to produce the same. Thus, the number of interrogatories is increased due to the objection of defendant, and we do not feel that it can complain about the way in which they are phrased and presented. An examination of both the original interrogatories and those attached to the amended petition shows that no new question is touched upon.

Turning again to the question of the liberality allowed by the new Pennsylvania Rules of Civil Procedure, we have a decision by President Judge Bok of Common Pleas Court No. 6 of Philadelphia County in the case of De Simone et al., Administrators, v. City of Philadelphia No. 1, 78 D. & C. 433 (1951), where Judge Bok said:

"The petition is brought under the new discovery procedure, appearing in Rules of Civil Procedure 4001, et seq. This is relatively new ground, possibly newer than need be because it is more restricted than the Federal procedure relating to discovery. We have the general signpost of Hickman, Admr., v. Taylor et al., 329 U. S. 495 (1947), in which Mr. Justice Jackson

said that 'mutual knowledge of all the relevant facts . . . is essential to proper litigation.' And so recently as not yet to be reported is Judge Smith's opinion in Mackowain v. Gulf Oil Corp., C. P. No. 5, March term, 1951, No. 5351, filed on October 2, 1951, in which such a petition was granted.

"We feel that the discovery procedure deserves liberal treatment within the limits of the restrictions stated in the rules.

"Since rule 4012(b) provides that 'a party filing a petition for discovery by written interrogatories shall attach a copy of the interrogatories to the petition,' and since this has been done here, there is no point to the objection that the petition fails to set forth the facts sought to be discovered. Nor does defendant's statement that the facts are already known to plaintiffs because they appear in the notes of the coroner's inquest make it so. Defendant can say so in its answer to the interrogatories, but it is special pleading here. The purpose of the discovery procedure is to lay bare the appropriate facts, and it is nonetheless so because both sides may have the same source of knowledge.

"Defendant's second objection is that it is asked for data having to do with other city-operated pools than the one in suit. We cannot say that such data is absolutely irrelevant, for if the city has established general rules of safety and supervision, its failure— if there was one—to live up to them at a particular pool may carry a reference to negligence that plaintiff is entitled to. For all we can tell, such safety regulations may be a matter of law or ordinance, and we hesitate to compel a petitioning litigant to justify complete relevance in advance unless irrelevance or contravention of a legal rule of evidence unmistakably appears."

In Regency Clothes, Inc., v. Progressive Clothes, Inc., 78 D. & C. 450 (1951), Judge Mawhinney of Court of

Common Pleas No. 3 of Philadelphia County had before him the contention that petitioner sought to discover facts beyond that required of the prima facie claim of defense. The opinion in this case holds:

"Plaintiff contends that Rule 4011(c)(4) of the Pennsylvania Rules of Civil Procedure limits discovery where the facts sought are not necessary to prepare pleadings or to prove a prima facie claim or defense. A prima facie case is one in which the evidence presented is sufficiently strong to compel one's opponent to go forward in answer. A preliminary determination of what is or is not necessary to the proof of a prima facie claim or defense is, at best, an educated guess in legal definition. The boundaries of a prima facie claim or defense are not clear. As in questions of relevancy, we must resolve doubts in favor of liberal allowance of revelation of factual questions. . . .

"In this case defendant is certainly entitled to know the basis of and the particulars, to the extent known or recorded, of the breach of contract alleged by plaintiff. Defendant is also entitled to know the facts relative to the damages claimed by plaintiff. The existence or non-existence of damages is always part of a prima facie claim or defense.

"Plaintiff's objection that the interrogatories require detailed investigation of plaintiff's records and memoranda cannot bar defendant's interrogatories. Such detail arises from the nature of plaintiff's claim."

Having in mind now the specific Rules of Civil Procedure, the law of Pennsylvania and in the United States courts, as we find it to date, an examination of the petition setting forth the grounds for the discovery, we come to the question of which of the interrogatories filed shall be allowed. In paragraph 8 of the amended petition for discovery, the petition sets forth:

"8. Your petitioner has been informed that the said electric transmission lines are not presently located at the same position and heights as they were on April 26, 1950 and further that the said electric transmission lines were moved into the position they occupied on April 26, 1950 subsequent to the time that Hempt Bros. lawfully started to occupy the said area in September, 1949."

Paragraph 9 of the amended petition provides:

"9. Your petitioner has made diligent investigation but is unable to ascertain under what legal right or under what arrangement the said electric transmission lines were moved to the position they occupied on April 26, 1950, and the right and arrangement by which said electric transmission lines were so located will control the duty owed by the defendant to the decedent."

Paragraph 10 thereof sets forth:

"10. The said electric transmission lines being moved into the area after Hempt Bros. was in lawful possession of the same and using it for the purposes aforesaid makes it important to the pleading of the plaintiff and the presentation of her prima facie case at trial to determine the exact locations of the said electric transmission lines on April 26, 1950, their prior locations, the time that the lines were moved into said area, as well as all investigation and considerations taken by the defendant before moving the said electric transmission lines."

Paragraph 11 thereof provides:

"11. The height at which the electric transmission lines were maintained on April 26, 1950, as well as the voltage of the lines, the maximum sag in the lines, the insulation, the type and size of cross arms, type of insulators and the distance between the lines on the cross arms are all necessary in the preparation of

the complaint and in the presentation of a prima facie case at the time of trial as they go to the degree of care which the defendant employed and all of these matters are such as to be within the exclusive knowledge and control of defendant."

In paragraph 12 it is averred:

"12. Your petitioner has made diligent inquiry and investigation with regard to the presence of any signs and written warnings, and pictorial warnings or oral warnings that may have been given with regard to the voltage of the electric transmission lines but she is unable to ascertain said information, being in the exclusive knowledge of the defendant. Said warnings or want thereof are necessary in the preparation of the complaint and in the presentation of a prima facie case."

Paragraph 13 provides:

"13. On April 26, 1950, State Highway Route No. 11 between Selinsgrove, Snyder County, Pennsylvania, south to Port Trevorton, Pennsylvania, was under reconstruction and your petitioner has been informed that for many months prior thereto, officers, agents and employes of the defendant whose names she is unable to acquire were in the general vicinity of the area occupied by Hempt Bros. on April 26, 1950, so that it is necessary in the preparation of plaintiff's complaint and in the presentation of a prima facie case that the plaintiff have discovery of the notice and knowledge that defendant had, prior to moving the lines into the area and while maintaining them in the area, with regard to the use of the land made by Hempt Bros. of the area occupied by them on April 26, 1950, said notice and knowledge goes to the duty which the defendant owed to the decedent as well as to the degree of care which the defendant owed to the decedent."

In paragraph 14 it is provided:

"14. Knowledge of the exact condition of the electric transmission lines on April 26, 1950, is necessary to the presentation of a prima facie case and after diligent inquiry and investigation is unable to ascertain such information, the said information and knowledge being within the exclusive knowledge, possession and control of the defendant."

Paragraph 15 provides:

"15. Because of the dangerous agency here involved and in addition, because your petitioner has been informed that the electric lines were moved both as to position and heights prior to and subsequent to April 26, 1950, the knowledge of the various heights and positions at which the said lines were maintained are all in the exclusive possession and control of defendant."

Paragraph 17 of the amended petition sets forth:

"17. The interrogatories covering the facts required to be discovered by plaintiff for the dual purpose of filing her complaint and establishing a prima facie case at the trial and which facts are in the exclusive possession, control and knowledge of the defendant are necessary to show that the negligence of the defendant consisted in

"a. With knowledge of the use which Hempt Bros. was making and intended to make of the said area, defendant moved its electric transmission lines over said area.

"b. With said knowledge defendant maintained said electric transmission lines at too low a height.

"c. With said knowledge defendant maintained a type of electric transmission lines which proved itself to be highly dangerous to persons who the defendant knew would be working under them.

"d. With said knowledge defendant failed to give proper and adequate warning of the nature and the propensity of the electric transmission lines."

A careful study of the amended petition setting forth

the foregoing facts and reasons in connection with the interrogatories propounded by plaintiff pursuant to rule 4005 shows that most of them are proper interrogatories and should be allowed by the court and answered by defendant. As said before, defendant has not objected specifically to any particular one of the interrogatories, but has contented itself by general objections. We shall not go into a detailed discussion of each interrogatory and whether or not it should be answered. It is sufficient for us to say that intergatories 1 to 57, inclusive, are proper interrogatories and must be answered by defendant. Interrogatory 58 asked that investigations made by defendant after the death of decedent be revealed to plaintiff. We feel that investigations made after the death of decedent must of necessity have been made by defendant with respect to preparing an anticipated case for trial. Rule 4011 of the Pennsylvania Rules of Civil Procedure relating to discovery limits the scope of the discovery which is to be allowed. By this rule it is provided:

"No discovery or inspection shall be permitted which . . .

"(e) Would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses."

Interrogatories 58 to 65, inclusive, we feel, are within the contemplation of the limitation of the rule just set forth. They all go to what efforts defendant made subsequent to decedent's death with respect to obtaining data and reports as to the cause and the nature and the reason for his death. These, we feel,

under the most liberal interpretation of the rules plaintiff is not entitled to. We must say in conclusion that we do not think it is unreasonable to ask defendant to disclose blueprints and other memoranda in its files which it obtained and filed during the ordinary course of business. It is common knowledge that such a large corporation as the Pennsylvania Power & Light Company has at all times in its files the matter sought to be obtained here under the interrogatories filed. We now make the following

### Order

And now, December 22, 1952, upon motion of Arthur Berman, Esq., of counsel for plaintiff, and after reviewing the propriety of the amended petition for discovery and the interrogatories attached thereto, it is hereby ordered and decreed that defendant shall make written answer under oath to interrogatories 1 to 57, inclusive, through its officials, agents, servants, or employes who are in possession of the material necessary for such answer within 20 days after the date hereof. Defendant need not answer interrogatories 58 to 65, inclusive.