## The Matusow Manufacturing Company v. Weinraub et al.

*Louis Lipschitz* and *Wm. J. Woolston*, for plaintiff.
*Joseph H. Resnick*, for defendants.
*Jay D. Barsky*, for Emanuel Steinberg.

ALESSANDRONI, J., January 21, 1953.—Plaintiff instituted its action in equity by summons. Thereafter a petition was filed praying for a rule on defendants to show cause why plaintiff should not have discovery under the then Equity Rule 35, now Pa. R. C. P. 4001 et seq. The petition averred that plaintiff employed one Emanuel Steinberg as a salesman; that Steinberg sold merchandise to defendants outside the normal channels of business, that defendants purchased the merchandise with the knowledge that the salesman lacked the authority to make such sales; that the only record of the extent of the purchases is in the exclusive possession of defendants; and that defendants refuse to furnish such records as plaintiff needs to

prepare its bill and to prove its case. Defendants' answer denied the material averments of the petition.

Plaintiff prays that defendants be ordered to produce all orders given by defendants to Emanuel Steinberg, all invoices given by Steinberg to defendants, as well as all the purchase records, books of original entry, inventory records, cash disbursement vouchers, checks payable to Steinberg or to cash, sales records and all other pertinent records which would show the dates, identity or quality, quantity and prices of all sales, and deliveries of plaintiff's merchandise to defendants during the years 1948, 1949, 1950 and 1951. The petition also seeks an order permitting plaintiff to copy any or all of the above. The matter came on for hearing on the rule.

The hearing established prima facie the following facts. Plaintiff is a manufacturer of boys' and junior clothing. Defendants operated a retail sales outlet. One Emanuel Steinberg was sometimes a salesman for plaintiff; defendants were never in Steinberg's sales territory. Steinberg sold goods to defendants; included in these sales were legitimate sales in the regular course of business. Steinberg's position with plaintiff was such that he could take illegitimate orders, fill, pack and ship them himself without the knowledge of plaintiff. The illegitimate sales to defendants were at prices much lower than the legitimate orders.

The gravamen of plaintiff's cause against defendants is that the purchases by defendants of merchandise at much lower prices than usual were in bad faith and knowingly made; that these transactions should have and did indicate a lack of authority on the part of Steinberg to make such sales. Purchase money was never paid directly to the salesman on legitimate orders; Steinberg received the cash for the merchandise he sold to defendants on these orders.

Plaintiff has established what in essence is a prima facie case in an action for unjust enrichment and for

a declaration of a constructive trust. Plaintiff must file its bill to comply with the rules, but the matter is now ripe for decision on the rule.

Defendants resist the petition for discovery not only on the ground that plaintiff has sufficient information to prepare its bill, but also, and more importantly, on the basis that since the petition states that the bill will seek an accounting, plaintiff is attempting to obtain an accounting by means of the discovery process. Such an attempt would of course be summarily denied.

Discovery is regarded with favor by a court of equity: Schulz v. Schulz, 168 Pa. Superior Ct. 456. But the auxiliary process of discovery may not be allowed to degenerate into and be misused as a "fishing expedition". An independent ground for relief must be present before discovery may be permitted in order to gather information to present the claim. The limit of the discovery process is that the party seeking discovery is not entitled to obtain the evidence by which his adversary hopes to prove his case. See Peoples City Bank v. John Hancock Mutual Life Insurance Company, 353 Pa. 123, 130.

In Yorkshire Worsted Mills v. National Transit Company, 325 Pa. 427, 430, the court said:

"The purpose of the discovery is to enable the party seeking it to make out his cause of action or his defense, not to pry into the case of his opponent and to anticipate it . . . The matters about which inquiry is made must bear pertinently upon the matters which he will be required to prove affirmatively at trial . . ."

The criterion for allowing discovery is whether or not the information sought is material: Sherwood Brothers v. Yellow Cab Co., 283 Pa. 488. In Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U. S. 689, Justice Cardozo remarked in considering the discovery process: "There are few fields where considerations of practical convenience should play a larger role."

In Compton, trustee, v. International Harvester Co. of America, 297 Pa. 462, discovery was permitted when plaintiff trustee in bankruptcy was without knowledge of the exact amount, nature or kind of property removed, and the only means of obtaining this knowledge was from the books of defendant.

We think that this is a case where the consideration of practical convenience should play a large role, as Justice Cardozo indicated. Plaintiff is without a means of establishing the extent of the amount of merchandise that defendants have allegedly obtained outside the normal business channels. The extent of these sales is most crucial and material as it bears on the issue of whether or not defendants had knowledge of the lack of authority of Steinberg, and if they had such knowledge, nevertheless they continued their purchases. Obviously, the knowledge of defendants is crucial. Plaintiff can have no direct evidence as to the knowledge of the defendants as such, that is, their state of mind.

Therefore, the discovery which plaintiff asks is not an accounting. It will merely ascertain the extent of the transactions between plaintiff and defendants and is most material and relevant on the crucial issue that plaintiff must establish. The practical convenience of ordering the discovery, which has the elements of an accounting in it, where plaintiff has established a prima facie case without a bill, far outweighs defendants' complaint that plaintiff will get an accounting without establishing a right thereto. Plaintiff has already established such a right prima facie. Defendant will not be harassed, nor will they be baring their business secrets to a competitor. Plaintiff will not discover nor will it pry into the case of defendants and therefore be prepared to anticipate it. Defendants' defense is that Steinberg had authority; their records will not disclose evidence on this issue.

Plaintiff has met all of the requirements necessary to obtain a decree of discovery. The peculiar facts of this case plus the full hearing on the rule are sufficient to permit plaintiff to obtain the discovery sought. The accounting that plaintiff states it would seek via its bill when filed is the only stumbling block. Defendants rightfully state that one may not obtain an accounting by way of discovery. If plaintiff's action was at law, the case would be analogous on its facts to Peoples City Bank v. John Hancock Mutual Life Insurance Co., supra, and Compton v. International Harvester Co., supra, and it would obtain the decree with little difficulty.

The particular facts of this case, the full and complete testimony at the hearing and practical considerations, indicate no reason to bar plaintiff's established right because of the statement in its petition, and because it is in equity rather than on the law side. It has already been stated above, that plaintiff is in vital need of the information to prove its case. Therefore, even though it may appear to be an accounting, in reality it is not, and completely falls within the purview of discovery. To deny the information might very well bar a legitimate claim, or at best, the claim may be proven in a very clumsy and time-consuming fashion. Expeditiousness is certainly a very practical consideration.

This decision is not to be construed as going beyond the facts of this case. In the ordinary case, full discovery as requested here would be denied when it is clear that the petition will seek an accounting.

### Order

And now, to wit, January 21, 1953, plaintiff's rule to show cause why it should not have the discovery prayed for is made absolute.