## Bullock v. Mastercraft Products, Inc.

*Nathan Berlant* and *Ellis Rudman* for plaintiff.
*Samuel F. Schwag,* for defendant.

ALESSANDRONI, J., May 27, 1953.—Plaintiff has instituted an action in assumpsit to recover damages for breach of an employment contract. Defendant filed a responsive answer with counterclaim. Plaintiff then filed a petition and rule under Pa. R. C. P. 4009 seeking discovery to enable him to properly prepare his claim and prepare a defense to the counterclaim.

This controversy arose out of a contract of employment whereby plaintiff was employed as a salesman by defendant. He alleged that he is entitled to a commission on all accounts except two named; that he was unjustly discharged with a large sum due on account of commissions. Defendant's answer admitted the employment but averred that the number of accounts that plaintiff was entitled to receive commissions on was limited to those annexed to the answer. Defendant also counterclaimed for an alleged overpayment. Defendant has offered to allow plaintiff to inspect the accounts and records annexed to the answer.

It is clear that this is the kind of issue the discovery rules were intended to resolve. This is the basis for Justice Cardozo's classic statement in Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U. S. 689: "There are few fields [discovery] where considerations of practical convenience should play a larger rôle." Plaintiff would be able to prove his claim and defense only clumsily or not at all since the record of the accounts at issue is solely within the knowledge and possession of the defendant company.

Under the circumstances of this matter plaintiff cannot state with any accuracy how much is due him and it will be extremely difficult for him to prove his claim or assert a defense to the counterclaim. It is not necessary for plaintiff to establish his right to a recovery prior to an inspection of the books: Schulz v. Schulz, 168 Pa. Superior Ct. 456. There is no allegation that it is possible for plaintiff to obtain the information in some other manner.

Defendant has misconstrued the language of rule 4009 (1) by his emphasis on "designated". "Designated" in the context of the rule does not mean that petitioner must specifically name each tangible thing that he would inspect. "Designated" means the general category of things to be inspected. Any other construction would be strained.

Discovery will not be allowed to degenerate into a fishing expedition. Plaintiff will not be obtaining competitive secrets of the business of defendant. After three and one-half years of employment with defendant, plaintiff ought to be very familiar with defendant's business, although he may not be intimately familiar with the account records and therefore he will not learn more than he already knows. The limitations of rule 4011 do not bar plaintiff's right.

### Order

And now, to wit, May 27, 1953, plaintiff's rule for

discovery is made absolute; Mastercraft Products, Inc., defendant herein, is directed to produce and make available to Paul T. Bullock, plaintiff herein, and/or to his accountant, the sales books and sales account records of defendant corporation for the purpose of examining same and making copies thereof.